## DENNIS DUFFY *vs.* ELIJAH UPTON & others.

The mere fact that a machine with which a servant is at work, extra force being applied to overcome an unlooked for check, breaks and hurts the servant, will not support an action against the master for furnishing an improper machine.

Evidence that workmen who are raising a timber by a derrick are directed by the foreman, the timber meeting with an unlooked for check, to " Give another hoist and take it up," upon which the derrick breaks and hurts one of them, will not support an action by him against the employer.

TORT against Elijah Upton, Theophilus W. Walker, and Nathaniel Walker, described in the writ as " copartners and owners of the Danvers Bleachery."

The declaration alleged that while the plaintiff was at work on a building belonging to the defendants, the defendants placed a derrick on the building above the place where he was at work, " and by reason of the neglect of the defendants and their agents in not properly placing and fastening said derrick, and by reason of their utter want of care and caution in the selection of said derrick, and in the selection of proper servants and agents to look after, attend to and work the same, and by reason of their gross and utter carelessness and unskilfulness in the premises,'

the derrick broke and fell, and the plaintiff was struck and severely injured by the fragments. The answer was a general denial.

At the trial in the Superior Court, before *Rockwell*, J., the plaintiff introduced testimony in relation to the character and extent of his injuries, and himself testified as to the manner of receiving them, as follows: " I am a stonelayer, and went to the bleachery to get employment. I inquired for the superintendent. I saw Mr. Dempsey in the yard, who I supposed was the superintendent. Mr. Bancroft came in. Mr. Bancroft asked me if I had any tools. I told him I had. He told me I might go to work. I went to work at $3.50 a day. It was in June. I went to work on the side wall, over the boilers; a two foot stone wall, from twenty to thirty feet high. The end wall was then six or seven feet higher than the side walls. The roof was to be a round roof. I was standing on top of the end, or gable, wall. I might have been working then almost an hour. The derrick was put up that afternoon. It was a square spar, I think pine, about six inches by five, a new piece of wood. Two guys were fastened to the top of it. Three men besides myself were standing on the wall, hauling upon the ropes of the derrick to raise a heavy piece of timber for one of the roof timbers, which was from thirty to forty feet long, about fourteen inches in diameter, and might weigh two hundred pounds. The ropes went through two blocks at the upper end of the spar; about twelve men were pulling at the ropes, and the stick of roof timber was raised to the top of the wall, and stuck somewhere. Mr. Bancroft sent up two men with bars, and then said, ' Give another hoist and take it up;' then the spar broke about five yards below where the ropes were fastened, and the block through which a small chain was run came down and struck me on the side of the head, and knocked me down from the wall, down about twenty-five feet, on to the platform. The wall might be twenty-five feet above the platform. I was called to the top of the wall to help raise the beam, the roof timber, to the top. The spar was up before. It had been put up by the side of the wall, on the inside of the wall, and was supported by ropes, passing through the door

in the wall, fastened to timbers outside. I pulled again because they told me to pull, and I thought it was safe to do so."

The plaintiff called James Dempsey, who testified as follows : " I now reside in Lewiston, Maine. At the time of this accident I was superintendent of the Danvers Bleachery, and acting agent. Robert B. Bancroft was foreman, and had charge of the whole work of erecting the building on the grounds of the Bleachery Company, in the course of the erection of which the accident occurred. We had nothing to do with hiring the men. We furnished the materials, and paid Bancroft for doing all the labor. We paid him for his time by the day, and paid him a profit of twenty-five cents a day for each man that he employed, and for the staging. I purchased the materials for the building, and I agreed to hire Bancroft by the day, he to do all the work, and hire all the men, and we pay him twenty-five cents a day profit on each man he hired. He was to construct a building and furnish staging, and do it in a reasonable time. We had nothing to do with raising the timber. We had placed the beam, roof timber, on the platform, from which he was to raise it to the top of the building."

The plaintiff upon this testimony rested his case, no other testimony having been introduced except as to the extent of his injuries.

The defendants contended that no case was made on the testimony for the consideration of the jury; the plaintiff, on the other hand, claimed the right to go to the jury on all the facts, and especially on the questions, whether the defendants had exercised due care in selecting Bancroft to superintend the work, and whether he was a fit and competent person ; and whether the defendants had exercised due care in the use of the derrick, and in the purpose and function that they were applying it to at the time of the injury, and in the mode and manner of securing it and of putting it up. The court declined to let the case go to the jury on any fact, and ordered a verdict for all the defendants, and the jury returned a verdict accordingly, and the plaintiff alleged exceptions.

G. W. Searle & T' Riley, for the plaintiff.

*C. H. Fiske,* for the defendants.

COLT, J. The declaration substantially charges that the plaintiff was injured while at work on a building belonging to the defendants, by the breaking and falling of a derrick which the defendants and their agents had placed there, and that the injury was caused by their negligence in not properly placing and fastening the derrick, as well as by their want of care in its selection, and in the selection of the proper agents and servants to look after and work it. There is a general denial in the answer.

The evidence upon which the plaintiff relied to maintain his cause of action is all reported. It was ruled at the trial that the action could not be maintained, and a verdict was rendered for the defendants.

The accident happened in the attempt to raise a stick of timber by the derrick to the top of the building. Several fellow workmen under the direction of Bancroft, the foreman, were engaged in the operation. It may be assumed for the purpose of this discussion, and as most favorable to the plaintiff, that the plaintiff and the others were in the direct employment of the defendants. They were at the time of the accident in the very same employment. And the plaintiff does not seek to recover for the negligence of his fellow servants, but insists upon the culpable negligence of the defendants themselves, first, in the employment of unskilful and incompetent servants, and next, in the improper use of an insufficient derrick as an appliance in the prosecution of the work.

Upon a careful review of the evidence, we fail to find anything which would warrant a verdict for the plaintiff on either ground. There is nothing to show that the derrick was not properly made, or that the material used on it was not of sufficient strength for the work to be done. It appears that the timber, while being raised to its place, met with some obstruction in its way, and thereupon the order was given by Bancroft to "give another hoist and take it up;" then the spar broke and the plaintiff was struck. The breaking was apparently due to the careless attempt to overcome by force an unforeseen obstruction in the work. It is not shown to have been caused by the imperfection of machinery fur-

nished by the master for the servants' use. The burden is on the plaintiff to show negligence, and this is not one of the cases where proof of the accident is *primâ facie* evidence of negligence. The accident might have happened without the negligence alleged, and the means of knowledge as to the cause of the injury was clearly within the plaintiff's reach. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312, 316.

Nor can we find evidence in the case that the defendants did not exercise due care in the selection of suitable agents and servants in the conduct of the business in which the plaintiff was employed. And upon the whole case there is nothing to take it out of the rule which exempts the master from responsibility to one servant for the negligence of another in the same employment. *Exceptions overruled.*