## JOHN McDERMOTT *vs.* CITY OF BOSTON.

Suffolk. March 15. — Sept. 7, 1882. ENDICOTT & DEVENS, JJ., absent.

A laborer, engaged in the service of a city under the direction of a foreman, cannot recover against the city for personal injuries resulting from the negligence of the foreman, who is his fellow-servant, in the absence of evidence that the foreman was incompetent, or that the city was negligent in employing him or in providing suitable apparatus for the work in which they were employed.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant. Answer, a general denial. At the trial in this court, the plaintiff offered evidence tending to prove the following facts:

The defendant was engaged in the work of lowering and putting in position certain large iron pipes upon the margin of Chestnut Hill reservoir. Fourteen men were employed in said work, including the plaintiff. The general management and direction of the work were entrusted to a superintendent, Jones, who was rarely personally present. Under him, one Dever and one McGranary had the personal management and direction of the work and workmen, and the furnishing of the apparatus and machinery for the same, — Dever when there, and McGranary in Dever's absence. At the time the plaintiff was injured, Dever was absent, and McGranary was present and in charge of the work; and at that time the only tackle or appliances brought to the place of work by the superintendent, or by any other person, for the purposes of the work, consisted of a rope and block with a single sheave. In a tool-chest, some five minutes' walk from this place, were additional blocks, including a double block; and at this time there were other gangs of men in the employ of the city, engaged in similar work in the vicinity; the tool-chest contained all the tackle and appliances, which were at the disposal of the different superintendents of the different gangs of men for their different specific jobs. The double block had been used the day before by the gang in which the plaintiff worked, in connection with the single block and the same rope; and the same rope was continued in use by them after the plaintiff was injured, and no other accident occurred before or after that.

The pipes, each of which was twelve feet long and forty-eight inches in diameter, and weighed about eight thousand pounds, were lowered down an incline, the total fall of which was about six feet, and upon an angle of about thirty-five degrees. The method of lowering the pipe, at the time the plaintiff was injured, was as follows: one end of the rope was made fast to a fixed stand, thence carried to the pipe to be lowered and wound around it twice (making a single coil), carried back to the stand (to which the single block was attached) through the block, then some little distance to a post, around which it was wound in the same manner as around the pipe, and then passed into the hands of two or three of the men, who were to hold back upon the rope, steadying and controlling the pipe as it went down the run or incline. Nine or ten other men, whose duty was the same, had hold of the rope between the post and the block. This holding-back force of men consisted of ten or eleven, which constituted the whole force available for the rope. The post was part of a fence, about a quarter of an inch of the surface of which was rotten, and the rest of it sound; and it was painted.

McGranary directed the men to use the post as aforesaid, and no examination of the same was made by him before it was so used. One of the men, McLaughlin, suggested to McGranary to have the post used, "so that the rope would come easier on the hands of the men." When everything was made ready as above described, the pipe was pried on to the edge of the incline and started down the same. The weight thus brought upon the rope in the hands of the men and around the post was so great, that instantly the post was broken and the rope pulled out of the hands of the men. Nothing broke but the post. The plaintiff's foot was caught in the rope, and he was pulled against the block, and his foot torn off. The plaintiff was in the exercise of due care.

The plaintiff called three witnesses, who were all qualified and testified as experts, and each of whom testified that a single rope and single block were an insufficient, unsafe and unsuitable apparatus to use for this work.

The plaintiff contended that the tackle was insufficient, improper and unsafe for the performance of said work; that the city was negligent in not furnishing for the work sufficient,

proper and safe tackle and machinery, and that the plaintiff was injured in consequence of such negligence; that McGranary was an incompetent and inefficient person for the superintendence of the work; and that the defendant was guilty of negligence in entrusting the work to him, and did not exercise due care in selecting him.

The judge ruled that the evidence would not warrant the jury in finding any negligence on the part of the city for which it would be responsible in this action; and that the negligence, if any, which the evidence tended to prove, was negligence of fellow-servants of the plaintiff. The jury returned a verdict for the defendant; and the case was reserved for the consideration of the full court, according to whose opinion on the correctness of this ruling, judgment was to be entered upon the verdict, or a new trial ordered.

*W. Gaston & H. E. Swasey*, for the plaintiff.

*T. M. Babson*, for the defendant.

W. ALLEN, J. There was no evidence that McGranary was an incompetent person, nor that the defendant was negligent in employing him; neither was there evidence that the defendant was negligent in regard to providing suitable tackle. The only negligence which the evidence tended to prove was, either in selecting and using for the particular purpose tackle insufficient therefor, instead of the sufficient tackle which the defendant had provided, or in using it in an improper manner. In either case, it would be the negligence of a fellow-servant of the plaintiff, which would give him no cause of action against the defendant.

*Judgment on the verdict.*