CHARLES FLOYD *vs.* RICHARD SUGDEN.

Worcester. Oct. 6, 1882. — April 3, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

If a person employed to dig a trench is injured by the caving in of the sides of the trench, his employer is not liable to an action for such injury, if he furnished the materials for sheathing or shoring up the sides of the trench, and the materials were not used for that purpose by the person employed by him to superintend the digging of the trench.

TORT for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration alleged that the injuries were caused by the negligence of the defendant, "in not supplying suitable, safe and sufficient machinery, appliances, tools and implements for the safe performance of the work upon

which the plaintiff was engaged." Trial in the Superior Court, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows :

On September 25, 1879, the defendant purchased a mill property in East Brookfield. The premises were out of repair, and the defendant hired one Gilman to take the entire charge of them, to make any and all repairs that in Gilman's judgment might be necessary to put the premises into a proper condition for use or for sale. Gilman, in accordance with the instructions of the defendant, assumed the entire control of the premises, collecting the rents, selecting, hiring and discharging the employees, purchasing and providing whatever tools, appliances and machinery he deemed necessary, and paying all bills, including the wages of the employees, with money furnished for that purpose by the defendant, who withdrew entirely from the management of the repairs, and did not undertake to exercise any discretion or control over the acts of Gilman or the employees. Gilman acted as agent for the defendant from sixty to eighty days, and was paid $175 for his services.

The water for furnishing the power was conducted to the mill from a mill-pond through a penstock or wooden canal, made in a cylindrical form and buried in the ground. This penstock had existed about twenty-five years. The penstock being decayed, Gilman set the plaintiff and others at work to uncover the earth from a portion of it for the purpose of making necessary repairs. The men excavated a trench over the penstock about eighteen feet long, from nine to twelve feet deep, from ten to twelve feet wide at the top, and from seven to nine feet wide at the bottom; and, while working on the bottom of the trench and on the top of the penstock, the penstock gave way and the sides of the trench caved in upon the plaintiff, and he received the injuries complained of.

It appeared that the trench was dug in very sandy soil, and there was evidence tending to show that the sides of the trench ought to have been sheathed or shored up with planks, and these planks secured in their places by cross braces ; that there ought to have been a small platform made to extend across the penstock to the earth on each side, for the men to stand upon while at work ; and that if such appliances, or either of said classes of

appliances, had been used, the accident could not have happened. No sheathing or shoring, or platform of any kind or description, was used or furnished as a completed structure to be used in the trench.

The defendant and Gilman both testified that they did not furnish any planks or materials for the purpose of protecting the men, but there was a conflict of testimony whether there were any planks or materials on the premises suitable and proper to be so used. There was evidence tending to show that there was an abundance of materials, suitable for the purpose, belonging to the defendant, within a few rods of the place of the accident, and that the defendant intended that such materials should be used for any purpose for which they might be needed.

The plaintiff asked the judge to rule as follows : " 1. The terms 'machinery,' 'appliances,' 'tools' and 'implements' include all the implements of every kind used in or about the business, and in this case would extend to sheathing or shoring, and to the platform contended by the plaintiff to be necessary. 2. If the defendant withdrew from the management of the work and entrusted to Gilman the entire charge of it, exercising no discretion and no oversight, then the defendant is liable for the neglect by Gilman to cause the trench to be shored up, and to construct a platform in the bottom of the trench over the penstock for the plaintiff to stand upon, if in the exercise of reasonable care such appliances were necessary for the safe performance of the service."

The judge declined to give either of the instructions asked for in the form in which they were requested, but gave the first with the insertion of the words "materials for" between the words "to" and "sheathing," and the substitution of the word "for" for "to" before the words "the platform." The judge refused to give the second instruction requested; and instructed the jury that the defendant was bound to furnish suitable machinery, tools, implements and appliances for carrying on the work in which the plaintiff was engaged; that he could not relieve himself from this obligation by delegating the business to an agent or employee; that if the injury to the plaintiff resulted from any neglect to furnish and provide suitable and proper machinery, tools, implements and appliances, whether

the defendant undertook to attend to it personally or left it to Gilman, he was liable; and that the terms "machinery," "tools," "implements" and "appliances" would not include a line of sheathing or planking set in position in the ditch, or a platform constructed in the excavation over the penstock for the men to stand upon while working, but would include everything required for the proper construction thereof, if sheathing, planking, or a platform were reasonably necessary or proper for the safe and proper performance of the work.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. W. King*, for the plaintiff.

*W. A. Gile*, for the defendant.

W. ALLEN, J. The declaration, in alleging that the defendant was negligent "in not supplying suitable, safe and sufficient machinery, appliances, tools and implements for the safe performance of the work upon which the plaintiff was engaged" correctly expresses the ground of the defendant's liability. The negligence of which the plaintiff complains consisted in not properly protecting the sides and bottom of the excavation in which he was at work. If the defendant furnished the materials, the appliances, for doing this, the use and application of them, according to the exigencies of the work, was the duty of servants engaged in the work, unless specially assumed by the master. Gilman, as superintendent of the work, and the plaintiff, as a laborer upon the work, were fellow servants, and the duty of Gilman in using the means and appliances provided for safely and properly carrying on the work was that of a servant engaged in the same business with the plaintiff, even if he had acted as the representative of the master in furnishing such means and appliances. There was no error in the instructions or refusals to instruct. *Albro* v. *Agawam Canal*, 6 Cush. 75. *McDermott* v. *Boston*, 133 Mass. 349. *Flynn* v. *Salem, ante*, 351. *Holden* v. *Fitchburg Railroad*, 129 Mass. 268, and cases cited. *Exceptions overruled.*