WILLIAM H. DOUGHTY *vs.* PENOBSCOT LOG DRIVING COMPANY.

Penobscot.    Opinion May 5, 1884.

*Negligence.    Fellow-servants.*

Persons who are employed under the same master, derive authority and compensation from the same common source, and are engaged in the same general business, although one is a foreman of the work, and the other a common laborer, are fellow-servants; and take the risk of each other's negligence; the principal not being liable to the injured servant therefor.

An exception to the rule exists if the master has delegated to the foreman or superintendent, the care and management of the entire business, or a distinct department of it; the situation being such that the superior servant is charged with the performance of duties towards the inferior servant which the law imposes upon the master.

A crew of men were engaged under a foreman or superintendent in repairing a dam for a log-driving company, incorporated by the laws of the state, when one of the laborers was injured by the carelessness of another who acted under the direction and immediate observation of the foreman in doing the particular act complained of. *Held:* That the foreman and laborers were fellow-servants within the rule exculpating the company from liability.

ON REPORT.

An action to recover damages for personal injuries received while in the employ of the defendant.

(Declaration.)

"In a plea of the case, for that the plaintiff, being in the employ of said defendant company, on the 13th day of March, A. D. 1882, as a laborer in the repair of a dam belonging to said company, at the foot of Chesuncook Lake in the County of Piscataquis, and working upon said dam under the eye and direction of one Jasper Johnson, an employee of said defendant company, having the entire charge and control of such repairs, and the men thereon employed, to wit: fitting a wooden prop to hold one end of a plank that held the gate in position, and against which plank said gate was pressing towards said plaintiff by a great force, and while so employed by the direction of said Johnson, and in the use of ordinary care, and before said prop was completed and set as contemplated, and was necessary to support said plank, one Edward Lambert, also an employee of said defendant company, under the direction and control of said Johnson, by the order of said Johnson and under his immediate eye, sawed off a pin which held the end of said plank, near the plaintiff, which plank so suddenly loosened, swung—said Johnson well knowing it would—with great force against the plaintiff, who was greatly hurt and injured, and by reason thereof has suffered great pain, has been unable to labor, and has been put to great expense in the care and surgical aid necessary to his recovery therefrom, and plaintiff avers that said hurt and injuries were the result of, and occasioned by the carelessness and negligence of said defendant company by their servants as aforesaid, and to the damage of said plaintiff (as he says) the sum of one thousand dollars, which shall then and there be made to appear with other due damage."

To this declaration the defendant filed a general demurrer, which was joined, and the case was reported to the law court with the agreement that if the demurrer was sustained a nonsuit should be entered, otherwise the case was to stand for trial.

*Barker, Vose and Barker*, for the plaintiff.

We recognize the principle that the master is not liable to one servant for the negligence of a co-servant. But we invoke in

this case the other principle, "that when the master delegates to another the entire control over his business, or a particular department therof, leaving its management and direction to such person's discretion, the person to whom such power is delegated stands in the place of the master as to all duties resting upon the master to his servants ; and his acts or omissions relative thereto are the acts and omission of the master himself."

There is enough in the writ and declaration with facts of which the court will take judicial knowledge to bring this case within the rule above quoted, and to show negligence so gross as almost to amount to malicious intent.   See Wood on Mast. & Serv.

*A. W. Paine,* for the defendant, cited: 2 Hilliard, Torts, 438 ; *Carle* v. *B. & P. C. Railroad Co.* 43 Maine, 269 ; *Beaulieu* v. *Portland Co.* 48 Maine, 291 ; *Lawler* v. *And. R. Co.* 62 Maine, 463 ; *Osborne* v. *K. & L. R. Co.* 68 Maine, 50 ; *Blake* v. *M. C. R. Co.* 70 Maine, 63 ; *Scott* v. *Mayor, &c.* 38 E. L. & Eq. 477 ; *Farwell* v. *B. & W. R. Co.* 4 Met. 49 ; *Seaver* v. *B. & M. R. Co.* 14 Gray, 466 ; *Priestley* v. *Fowler,* 3 Mee. & W. 1 ; *Brown* v. *Maxwell,* 6 Hill, 592 ; *Zeigler* v. *Day,* 123 Mass. 152 ; *O'Connor* v. *Roberts,* 120 Mass. 227 ; *Harkins* v. *St. S. Refinery,* 122 Mass. 400 ; *Summersell* v. v. *Fish,* 117 Mass. 312 ; *Johnson* v. *Boston,* 118 Mass. 114 ; *Albro* v. *Agawam Co.* 6 Cush. 75 ; *Hard* v. *Vt. C. R. Co.* 32 Vt. 473 ; Redf. Railway, 388, 387 and notes; *Crispin* v. *Babbitt,* 81 N. Y. 516 ; *Dunham* v. *Rackliff,* 71 Maine, 345 ; *Noyes* v. *Smith,* 28 Vt. 59 ; *Ormand* v. *Holland,* 96 E. C. L. 102 ; *Kelley* v. *Boston Lead Co.* 128 Mass. 456 ; *Walker* v. *B. & M. R. Co.* 128 Mass. 8 ; *Holden* v. *Fitchburg R. Co.* 129 Mass. 268 ; *Wright* v. *N. Y. C. R. Co.* 25 N. Y. 562.

PETERS, C. J.   The general rule that a master is not liable for an injury caused to a servant by the carelessness of a fellow-servant in the same common employment, unless the master is negligent in some matter he expressly or impliedly contracts with the servant to do—is the well settled law of this state.

Who is a fellow-servant within the meaning of the rule, is a question much discussed, upon which the authorities very essen-

tially disagree. Different courts entertain different theories and views. This general rule has been extracted from the authorities : " The decided weight of authority is to the effect that all who serve the same master, work under the same control, derive authority and compensation from the same common source, and are engaged in the same general business, though it may be in different grades or departments of it, are fellow-servants, who take the risk of each other's negligence." 2 Thomp. Neg. 1026. This seems to be an unobjectionable definition; but, being general, difficulty arises in applying it to cases.

The author proceeding further, says, p. 1028, "The fact that the negligent servant, in his grade of employment, is superior to the servant injured, does not, in the opinion of most of the courts, take the case out of the rule ; they are equally fellow-servants, and the master is not liable. Within the meaning of this rule, a mere *foreman* of work ·is generally regarded as a fellow-servant with those under his control. But if the master has delegated to the foreman or superintendent the care and management of the entire business, or a distinct department thereof, then the rule may be different."

These views are in general acceptable to us, and we think our own cases are in accord with them. *Carle* v. *Railroad*, 43 Maine, 269 ; *Buzzell* v. *Laconia Co.* 48 Maine, 113 ; *Beaulieu* v. *Portland Co. Id.* 291 ; *Lawler* v. *Androscoggin Co.* 62 Maine, 463 ; *Shanny* v. *Androscoggin Mills*, 66 Maine, 420 ; *Blake* v. *Maine Central R. R. Co.* 70 Maine, 60.

It is said in some cases that the exception to the rule presses more strongly against corporations than against natural persons. This is not generally admitted. We do not see why the principle would not be the same. But corporations are more likely to deal through general agents than individuals and firms are. Of course, these rules, like most rules, have their exceptions. We shall only get blinded in our way, if we look for other paths than the one called for to reach a conclusion in the case before us. But with these guides, the difficulty still remains of deciding whether the foreman or superintendent is a "middle-man," possessed with all the powers and responsibilities of a principal,

—a " vice-principal standing in the principal's place." The author before quoted says : "A true expression of the rule seems to be, that, in order to charge the master, the superior servant must so far stand in the place of the master as to be charged with the performance of duties towards the inferior servant, which under the law, the master owes to such a servant." Thomp. Neg. 1031.

Instructed by these rules and legal definitions, our minds incline to the opinion that the present action is not maintainable. The question may not be free of all doubt, but it seems to us that the greater weight of argument, based both upon authority and principle, points that way.

Here was a common job of work of repairing a dam by a log-driving company. Presumably, many men were employed without any essential distinction of the service to be individually performed. Some one of the men must act as leader or director of the crew. Johnson does not appear to be a general manager, but merely a foreman in a particular, special, job of work. The plaintiff very well knew the nature of the service to be performed. Certainly, one of the ordinary risks of the employment was that some man among them might make a miscalculation or mistake. The plaintiff was sent upon no special errand of peril. The act complained of was committed under the foreman's eye ; but under the plaintiff's eye as much, as far as appears. The accident was not a strange if an unusual affair. It would not differ much in kind from many accidents that might happen to a person working in a crew or company of men, whether engaged in driving logs, or mending dams or passage-ways for driving logs, or at farm work, or at mechanical business.

It would be profitless to examine or cite many of the analogous cases that bear upon the facts of this case. A few of those bearing a close resemblance to the case in hand may serve to illustrate the correctness of our view of the question presented. Cases in our own state are good illustrations, we think. In the case at bar, the men employed with the plaintiff were working upon some timber by way of repairing a dam, when a stick was forced against the plaintiff, injuring him. So in *Beaulieu* v. *Portland Co. supra*, the plaintiff was injured by the falling of a

timber upon him, and he failed to recover. In *Lawler* v. *Androscoggin Co.* *supra*, the injury was caused by the plaintiff going into a culvert to repair it, when it was dangerous to do so, the service being expressly ordered of the injured party by the road master of the defendant corporation; and it was held that the plaintiff in that case could not recover. It will suffice to cite other analogous and closely resembling cases. *Duffy* v. *Upton*, 113 Mass. 544; *Zeigler* v. *Day*, 123 Mass. 152; *Kelley* v. *Norcross*, 121 Mass. 508; *Killea* v. *Faxon*, 125 Mass. 485; *McDermott* v. *Boston*, 133 Mass. 349; *Floyd* v. *Sugden*, 134 Mass. 563; *Wigmore* v. *Jay*, 5 Exc. 354.

*Plaintiff nonsuit.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.