JOSEPH LAPORTE *vs.* SAMUEL P. COOK, City Treasurer.

PROVIDENCE—JANUARY 25, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Negligence. Obvious Danger. Unknown Risk.*

Where nothing dangerous is apparent to an employee in connection with his employment, he has the right to presume that it is reasonably safe, or that he will be notified of special elements of danger not obvious to ordinary observation but known to his boss.

While an employee must be held to have assumed such risks as men of ordinary observation and accustomed to the employment would know and appreciate under the circumstances, yet it cannot be said, as matter of law, that a plaintiff assumed the risks of his employment when he was ignorant of facts on which a proper appreciation of the risks may have depended.

In such case the question of the contributory negligence of the plaintiff is one of fact for the jury.

(2) *Duty of Employer to Employee.  Fellow-Servant.*

It is the duty of an employer to furnish proper appliances for doing the work, and this duty cannot be devolved upon another in such manner as to relieve the employer from liability for failure to discharge it.

But when the proper appliances have been provided by the employer and a foreman fails to use them, or uses them carelessly, and an employee is injured in consequence, such failure or carelessness becomes the negligence of a fellow-servant.

TRESPASS ON THE CASE by an employee for negligence of his employer in failing to provide proper appliances for the work.    Heard on plaintiff's petition for a new trial.

TILLINGHAST, J.    The evidence in this case shows that the plaintiff had only worked in the trench, where he was injured, for an hour or so when the accident happened; that he was directed by the boss or foreman in charge of the work to dig bell-holes under the joints of the pipe which had been laid in the trench, which was six and one-half feet deep, in order that the joints could be properly calked; and that, supposing the place to be safe, he proceeded to execute the order, and while doing so the bank suddenly caved in upon him and seriously injured him.    The evidence further shows that the trench was curbed or shored up with boards a part of its length, but that there was no curbing in that part of the trench where plaintiff was injured; that no boards or other materials was furnished by the city for that purpose; that the boards which were used for sheathing or curbing were borrowed from a man who lived near by, and that not enough could be found to sheath the place in question; that the trench had previously caved, in two or three places, and some of the workmen had come near getting caught thereby, which fact was known to the boss but not to the plaintiff, and that the boss had been told by some of the workmen that the trench was dangerous.    There is evidence that plaintiff was exercising due care when the accident happened, and that he had not been accustomed to dig trenches of this sort, that is, of this depth, but had dug shallow ones where no curbing was necessary.

In view of this testimony we think the Common Pleas

Division erred in granting a nonsuit. The conduct of the plaintiff, in going into the trench to dig the bell-holes as directed by his boss, was not, as matter of law, in view of the facts aforesaid, a negligent act. Nothing appearing dangerous to him in connection with the trench, he had the right to presume that it was reasonably safe, or, at any rate, that if there were special elements of danger, not obvious to ordinary observation, but known to his boss, he would be notified thereof. In this regard the case is materially different from *Larich* v. *Moies*, 18 R. I. 513, which is relied on by defendant's counsel. There, the plaintiff knew of the danger in question. Moreover, in that case the danger from the overhanging.bank was an obvious one, and by continuing his work the plaintiff assumed the risk of being injured from the falling of the bank. In the case at bar the plaintiff did not have the advantage of the knowledge of the peculiar character of the soil, which the other workmen had acquired by digging therein, and, much less, that the bank of the trench had already caved in several places, but he was sent at once to the bottom of the trench, which was entirely new to him, to dig bell-holes, and was almost immediately buried by the caving in of the bank. Whether he was guilty of contributory negligence in such circumstances was a question of· fact for the jury. *Pilling* v. *Machine Company*, 19 R. I. 666. It cannot be said as matter of law that the plaintiff assumed the risk when he was ignorant of facts on which, perhaps, a proper appreciation of the risk depended (*Breen* v. *Field*, 157 Mass. 277), although, of course, he must be held to have assumed such risks as men of ordinary observation, accustomed to such work, would have known and appreciated under the circumstances.

As said by Lathrop, J., in *Lynch* v. *Allyn*, 160 Mass. at p. 252, "The case was not one where a man was set to work to undermine a bank which was expected to fall by the law of gravitation, and where he was expected to look out for himself. In such a case we should have no doubt that the danger would be obvious."

*Coan* v. *City of Marlborough*, 164 Mass. 206, was a much

stronger case for the defendant than is the one before us, but the court held the question of assumed risk to be one of fact for the jury. In that case the court said : " Whether the plaintiff knew and appreciated the danger from the lack of proper shoring was a question of fact. He knew that the trench was not close-sheathed, and saw what portion of its sides were not covered, knew the nature of the soil and the depth of the trench, and that blasting was done to remove rock at the bottom, and that small quantities of earth frequently fell from the sides, and he had worked much in such trenches. These things make in favor of the contention that he knew and appreciated the danger, and assumed the risk of injury. But they are not conclusive, as there was evidence of other facts proper for the consideration of the jury. The plaintiff was a common laborer, working where he was told to work, and having no discretion as to where he should stand."

(2)    But defendant's counsel contends that if there was any negligence in not having the trench properly sheathed or curbed, it was the negligence of the boss or foreman of the gang, who was a fellow-servant with the plaintiff, and hence that the city is not liable. In support of this contention he relies on *Hanna* v. *Granger*, 18 R. I. 507. That case holds that the character of the act, and not the rank of the person performing it, is the criterion of fellow service. The act in question there was the careless starting of an engine, which was the act of a servant and not the duty of a principal. The negligent act here complained of, however, is the failure of the city to furnish proper appliances for the doing of the work. This was a duty which the defendant city owed to plaintiff, and one which it could not devolve upon a servant so as to relieve itself from liability for his negligence (*Hanna* v. *Granger*, *supra*); and it is the failure to discharge this duty, and not the negligence of a fellow-servant, which forms the groundwork of the plaintiff's claim. If the city had furnished the necessary sheathing or curbing for the trench, and the boss or foreman had neglected to use the same or had used it in a careless manner, and the plaintiff

11

had been injured by reason of such negligence, the defendant's contention would be correct (it not being alleged in the declaration that the boss was incompetent), as in that case the city would have discharged its duty to the plaintiff, and the negligence of the foreman in failing to use the appliances furnished would be the negligence of a fellow-servant. 2 Bailey's Master and Servant, §§ 2929–2936 ; *Dube* v. *Lewiston,* 83 Me. 211 ; *McDermott* v. *Boston,* 133 Mass. 349 ; *Clark* v. *Soule,* 137 Mass. 380 ; *Floyd* v. *Sugden,* 134 Mass. 563 ; *Zeigler* v. *Day,* 123 Mass. 152.

But the evidence shows that the city did not furnish planking or sheathing for the trench, and also that a sufficient amount of boards could not be found in the vicinity for use therein, although the character of the soil through which the trench was dug, and the depth thereof, were such as to require the use of sheathing, or of some other similar appliance, to render the premises reasonably safe for the workmen.    For the reasons aforesaid the case should have gone to the jury, both on the question of the defendant's negligence and also on that of the plaintiff's contributory negligence.

Petition for new trial granted.

*William G. Rich,* for plaintiff.

*Erwin J. France, City Solicitor of City of Woonsocket,* for defendant.