DECISION
Before the Court is the motion of Defendant City of Woonsocket Education Department ("WED") for Judgment as a Matter of Law on six counts against it in Plaintiff's complaint. Captioned Defendants First Student, Inc. (formerly Ryder Student Transportation, hereinafter "First Student") and Ms. Giroux-LaFontaine have settled with Plaintiff and are no longer parties. Remaining counts against WED include: Count 1 alleging violation of the Rhode Island Whistleblower statute, G.L. 1956 § 28-50-3; Count 9 alleging negligent hiring, supervision and training; Count 10 alleging negligence; Count 11 alleging breach of contract; Count 12 alleging fraudulent misrepresentation; and Count 13 alleging negligent misrepresentation. Jurisdiction is pursuant to Super. R. Civ. P. 50 (2006).
 Facts and Travel
Plaintiff Linda Cook was a non-union/unclassified/non-contract employee who began working for WED as a school bus monitor in 1990 and continued in that position *Page 2 
for seven years. (Transcript of July 17, 2006 trial before JusticeGibney,[1] at 2-3.) She did not have an employment contract with the Department, but received her assignment at the start of each of those years. (Tr. 70-71.) As a bus monitor, she was to be picked up before each route to which she was assigned and ride along to monitor the safety and order of the bus, including disembarking and ensuring the safe boarding of students at each stop; she would then be dropped off at her home after the students were discharged at their schools. (Tr. 3-8.) As a bus monitor, she did no driving; the buses were driven by employees of First Student, a private company that had a contract with the Department to provide transportation services. (Tr. 70.) In the months before her discharge, Ms. Cook called WED offices to complain that First Student drivers were sometimes failing to pick her up in the morning, using profanity in front of children, smoking on buses, and disobeying safety rules in their operation of the buses. (Tr. 25-26, 71-72.) Ms. Cook alleges that following these reports, disparaging comments were made about her by First Student employees over the buses' intercoms. (Tr. 25-26, 31.)
On November 25, 1997, Ms. Cook attended a meeting with the Assistant Superintendent of Schools, Albert Vasquez; a representative of First Student, Ms. Flori Giroux-LaFontaine; and a First Student driver, Ms. Donna Fleury-Colavita, who had driven a bus Ms. Cook had been assigned to monitor on November 10, 1997. (Tr. 33, Pl. Ex. 36.) At this meeting, Ms. Cook was informed that she had been deemed to have been negligent in her duties and was being discharged due to an incident on that earlier date when a sleeping child had been left aboard the bus and not discovered until the driver returned to the bus depot. (Pl. Ex. 36.) At the meeting, Mr. Vasquez also informed Ms. Cook that she could reapply to the Department and would be hired as a teacher's aide that *Page 3 
year, or as a bus monitor again for the following year; Ms. Cook chose not to reapply. (Tr. 76.)
Prior to the November 10 incident, it appears that Ms. Cook had generally performed a satisfactory or better job as a bus monitor. The record contains positive reviews of her performance by parents and school administrators. (Pl. Ex. 16, 31-33, 44.) The record does contain a "termination warning" letter dated February 1, 1995, informing Ms. Cook that she must improve her cooperation with drivers and adherence to safety procedures; however, she was told that the letter would be removed from her file if there were no further complaints against her in the following year, and was later informed that the letter had been removed. (Pl. Ex. 49, 28.) She then viewed her personnel file and did not find the warning letter. (Tr. 78.)
Following her termination, Ms. Cook was initially denied benefits under the Rhode Island Employment Security Act, G.L. 1956 § 28-44-18, because her discharge was deemed to be for misconduct; however, the State Board of Review, after a hearing, reversed this finding and concluded the cause of discharge did not rise to statutory "misconduct." (Pl. Ex. 44.) In its fact-finding, the Board stated that Ms. Cook did, in fact, have a clean personnel file and deemed she had developed an "otherwise commendable record" in her seven years at WED. (Id.)
 Standard of Review
The Rhode Island Superior Court Rules of Civil Procedure, Rule 50 provides:
 If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. *Page 4 
Super. R. Civ. P. 50 (2006). In considering a party's Rule 50 motion for judgment as a matter of law, "the trial justice must consider the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of the witnesses, and draw from the record all reasonable inferences that support the position of the nonmoving party." Skaling v. Aetna Ins. Co.,742 A.2d 282, 287 (R.I. 1999) (citing Mellor v. O'Connor, 712 A.2d 375, 377 (R.I. 1998)). "If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for judgment as a matter of law must be denied." Id. "If, on the other hand, no relevant issues of fact exist and defendant is entitled to judgment as a matter of law, then the trial justice should grant the motion and dismiss the complaint." Bajakian v. Erinakes, 880 A.2d 843, 849 (R.I. 2005) (quoting Swerdlick v. Koch, 721 A.2d 849, 856 (R.I. 1998)).
 Analysis Count 1 — Whistleblower statute violations
Count 1 of Ms. Cook's complaint alleges that her discharge was in violation of the Rhode Island Whistleblower Statute. WED argues there are two independent reasons Count 1 must fail: 1. Plaintiff did not complain about violations of laws by her employer, but, rather, violations by First Student, and 2. Plaintiff cannot provide evidence that even if she had complained about violations by her employer, WED, her termination was the result of her complaints.
As this Court has previously stated, "[t]he Whistleblower's Act provides recourse for an employee discharged for reporting a known violation of federal or state laws by an employer." Hurlburt v. RhodeIsland, et al., No. 90-8363, 2000 R.I. Super. LEXIS 67 at *Page 5 
*35 (August 25, 2000) (emphasis added). Since Ms. Cook admits that she was an employee of WED and her reporting was in relation to the rule-breaking of First Student drivers, WED argues that Ms. Cook was not even within the protection of the statute. Ms. Cook counters that by virtue of the statutory definition of "employer," including where "services are performed . . . under any contract of hire," WED is an "employer" of First Student, thus of First Student's drivers, and thus making those drivers — whom Ms. Cook reported — co-workers of Ms. Cook. G.L. 1956 § 28-50-2(2). Further, Ms. Cook argues that, although Rhode Island has no statutory doctrine of joint employers, there was sufficiently intermingled control and supervision between WED and First Student over her performance as a bus monitor to support a judicial finding of such a relationship here. With respect to Ms. Cook's employee status, there remain questions of fact and law.
Assuming arguendo that she was an employee, the Court finds that WED is nonetheless entitled to judgment as a matter of law for there is no legally sufficient evidentiary basis to support a finding that Ms. Cook's discharge was retaliatory. The prohibition in the whistleblower statute is against an employer's
 discharge[ing] . . . an employee . . .: (1) Because the employee . . . reports . . . a violation . . ., or . . . (4) Because the employee reports verbally or in writing to the employer or to the employee's supervisor a violation. . . . *Page 6 
 The fact that protected conduct was a substantial motivating factor in the employee's discharge would not be enough to entitle him or her to relief. The employee must be able to show that he or she would not have been fired had it not been for the protected conduct.
Gajic v. Romeo, No. 87-2005, 1988 R.I. Super. LEXIS 70, *32-33. If the Plaintiff meets this test, the mere recitation by an employer of a non-retaliatory reason for an employee's discharge is not sufficient; evidence that an employer's given justification was merely a pretext for retaliatory action can sustain a finding that the whistleblower statute has been violated. See Adams v. Uno Restaurants, Inc. 794 A.2d 489, 492
(R.I. 2002).
Here, it is not necessary to weigh the subjective motivation of WED and its agents. Ms. Cook argues that the incident involving the sleeping child was a pretext for her discharge and that checking that no children remain on the bus when it leaves the school is the responsibility of the driver. (Tr. 84.) Ms. Cook acknowledges, however, having received a list of "duties and responsibilities" that includes "assist[ing] in the loading and unloading of all students" as the first item. (Pl. Ex. 47; Tr. 40, 83.) She has not refuted the accuracy of the statement in an internal WED memo regarding the November 25 meeting that, "Ms. Cook admitted to those present at the hearing that she was lax and that this should not have occurred." (Pl. Ex. 36.) Finally, the Court notes Ms. Cook's admission that, at the same meeting in which she was discharged, she was also told she could reapply and would be rehired that year or the following. (Tr. 76.) Viewing this evidence in the light most favorable to Plaintiff and drawing all reasonable inferences therefrom, the Court finds there is no evidence that Plaintiff's reporting of misconduct by First Student drivers was a substantial motivating factor for her discharge by WED — let alone the "but for" cause. Simply put, WED determined that Ms. Cook left a sleeping child on a school bus and decided to terminate her. Whether the determination *Page 7 
was accurate, or whether the decision was justified, is beside the point. Accordingly, the Court grants WED judgment as a matter of law with respect to Count 1 of Plaintiff's complaint.
Count 9 — Negligent hiring, supervision, and training
In Count 9 of her complaint, Plaintiff alleges that WED owed her a duty to use care in its hiring, supervision, and training of its employees. She further alleges that WED breached this duty in hiring and retaining two employees with whom Ms. Cook dealt in reporting the conduct of First Student drivers and during her discharge. WED argues that Count 9 must fail for the absence of an essential element of such a claim: evidence that WED knew or should have known of some unfitness on the part of its employees.
An employer who deals with the public is "bound to use reasonable care to select employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee." WelshManufacturing, Division of Textron, Inc. v. Pinkerton's Inc.,474 A.2d 436, 440 (R.I. 1984) (quoting Fleming v. Bronfin, 80 A.2d 915, 917 (D.C. Mun. App. 1951)). If the employer neglects this duty, he or she can be liable to third parties who are injured by an unfit or incompetent employee. Id. The employer negligence underlying such a claim "typically consists either of hiring, supervising, or retaining an employee with the knowledge of his unfitness or of failing to use reasonable care to discover the unfitness." Mainella v. Staff Builders Indus. Services,Inc., 608 A.2d 1141, 1144 (R.I. 1992) (citing Welsh Mfg., 474 A.2d 436).
Here, Ms. Cook has presented no evidence to show that WED had notice or knowledge of unfitness in its employees; she merely relies on her dissatisfaction with *Page 8 
how her previous complaints about First Student drivers and then her discharge were handled. In the absence of such evidence for the Court to view in Plaintiff's favor and from which to draw inferences, judgment as a matter of law is granted in favor of WED with respect to Count 9 of Plaintiff's complaint.
Count 10 — Negligence
In Count 10 of her complaint, Ms. Cook seeks recovery in ordinary negligence, alleging WED breached legal duties owed her. WED argues that Count 10 must fail because no duty was owed Ms. Cook to protect her from the reputational harm that she alleges.
The well-known elements of a negligence claim are (1) a duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) damages to the plaintiff, and (4) that the defendant's breach of duty was the proximate cause of the damages suffered by plaintiff. There cannot be liability for negligence where no legal duty of care was owed to the plaintiff. Volpe v. Fleet Nat'l Bank, 710 A.2d 661, 664 (R.I. 1998) (citing Ferreira v. Strack, 636 A.2d 682, 685 (R.I. 1994)). "Whether a duty of care runs from a defendant to a plaintiff is a question of law for the court to decide." Id. at 663 (citingHennessey v. Pyne, 694 A.2d 691, 697 (R.I. 1997) and Banks v. Bowen'sLanding Corp., 522 A.2d 1222, 1224 (R.I. 1987)). Justice Flanders, dissenting in Kaya v. Partington, gave a useful outline of the duties owed by an employer to its employees:
 At common law, a Rhode Island employer owed to its employees the duty to provide and maintain a reasonably safe work environment; to provide whatever appliances, tools, and equipment that the employee needed to do his or her job safely; to provide a sufficient number of suitable and competent fellow employees to permit safe performance of the work; to warn employees of unusual or nonobvious hazards; and to make and enforce safety rules. . . . Thus, if an employer breached any of these obligations and in turn caused harm to its employee, the employee could *Page 9 
seek redress by bringing a complaint against the employer for negligence at common law. 681 A.2d 256, 271 (R.I. 1996) (Flanders, J. dissenting) (citing Faltinali v. Great Atlantic Pacific Tea Co., 55 R.I. 438, 444-45, 182 A. 605 608-09 (1936); Connor v. White, 41 R.I. 219, 223, 103 A. 561, 562 (1918); Savage v. Rhode Island Co., 28 R.I. 391, 401, 67 A. 633, 637 (1907); Laporte v. Cook, 21 R.I. 158, 160, 42 A. 519, 520
(1899)).[2]
Ms. Cook asserts that WED "had a duty to protect Plaintiff's reputation from harm resulting from the dissemination of false reports" and breached this duty when it failed to investigate complaints about her job performance or conduct a full hearing. (Pl. First Amended Complaint, Count X, ¶ 75-76.) However, she has not pointed to any support in statutes or at common law for her contention that WED owed a duty, beyond the traditional job-related provisions above, to protect her reputation from harm caused by employees of First Student. Therefore, the Court finds, as a matter of law, that WED owed no legal duty to protect Plaintiff's reputation from harm caused by false reports.
In opposing WED's present motion, Plaintiff apparently abandons the above line of argument in favor of a new theory of duty and breach: she argues that WED was required to provide constitutional due process in the form of a full hearing before discharging her, which it failed to do. (Pl. Memorandum in support of objection to WED Rule 50 motion, 22.) The Court is troubled by this change in argument; until her memorandum in opposition to WED's motion, Plaintiff's negligence claim alleged a different legal duty, and WED has therefore not addressed the due process argument in moving for judgment as a matter of law. The Court finds, however, that these allegations may be treated as though raised in the pleadings pursuant to Rule 15(b) of the Superior *Page 10 
Court Rules of Civil Procedure.[3] The "unquestionable purpose" of Rule 15 "is to afford a litigant a reasonable opportunity to have [her] claim tried on the merits rather than a procedural technicality."Kenney v. Providence Gas Co., 118 R.I. 134, 372 A.2d 510 (1977). The Court finds that trial of the due process hearing issue has been implicitly consented to here; the lack of a hearing is referenced in Ms. Cook's affidavit and in the Amended Complaint (although not in the paragraph alleging the duty on which the negligence allegation rests) without objections from WED. (Affidavit of Linda Cook, ¶ (k); Amended Complaint, ¶ 76.) Furthermore, WED will not be prejudiced by consideration of this issue. The Court will therefore address the merits of Plaintiff's due process argument.
Due process rights and the right not to be fired without cause only attach when a public employee's interest in continued employment "is grounded in a `legitimate claim of entitlement' arising out of state law." Salisbury v. Stone, 518 A.2d 1355, 1360 (R.I. 1986) (quotingBoard of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). "As a general rule, courts recognize a claim to entitlement if the employee establishes that a statute, rule, or contract grants a right to continued employment, absent a showing of cause." Id. (citations omitted). No claim of right exists for at-will employees and "a mere `unilateral expectation' of continued employment" is not sufficient.Id. (quoting Roth, 408 U.S. at 577). Ms. Cook did not work for WED under an employment contract and stated in her testimony that she was called back on a year-to-year basis. (Tr. 71.) *Page 11 
Nor has she established a right to continued employment based on any statute or rule. Without an expectation of continued employment, she was an at-will employee, terminable without cause so long as termination was not discriminatory. Salisbury, 518 A.2d at 1359. The Court finds, as a matter of law, that WED had no duty to provide Plaintiff with a pre-termination hearing. Therefore, after viewing the evidence in a light most favorable to Plaintiff and drawing all reasonable inferences therefrom, the Court grants WED judgment as a matter of law with respect to Count 10 of Plaintiff's complaint.
Count 11 — Breach of Contract
In Count 11 of her complaint, Plaintiff alleges that a contract arose out of the statement of WED personnel at the time of her 1995 warning letter that the letter would be removed from her file if no further complaints regarding her job performance were received for one year. Ms. Cook further alleges that WED breached this contract since it has now produced the warning letter pursuant to her discovery requests in the present litigation. WED argues the claim must fail because none of the elements required for formation of a contract — an offer, an acceptance of the offer, consideration, mutuality of agreement, and mutuality of obligation — are evidenced here. In response, Ms. Cook has presented an element-by-element argument of contract formation.
The Court finds that Ms. Cook's claim here fails, for the record reveals that WED undertook what it stated it would do following the warning letter. Ms. Cook testified that after receiving a letter telling her that the warning letter had been removed, she checked her personnel file at the superintendent's office and did not find the letter. (Tr. 78.) She also admits that, two years later, WED stated to the Board of Review that Ms. Cook did *Page 12 
have a clean record and the Board found she had an "otherwise commendable record." (Tr. 78, Pl. Ex. 44.) Finally, Ms. Cook admits that she knows of no one else who knew of the letter or its removal, nor does she know if WED retained a copy in another location such as a litigation file. (Tr. 79-80.) Thus, the Court finds — drawing all reasonable inferences in Plaintiff's favor and assuming arguendo that a contract arose — that WED is entitled to judgment as a matter of law with respect to Count 11 of Plaintiff's complaint because there is no legally sufficient evidentiary support for a finding that WED was in breach of such a contract.
Count 12 — Fraudulent Misrepresentation — and Count 13 — NegligentMisrepresentation
In Counts 12 and 13 of her complaint, Plaintiff alleges that WED's retention of a copy of the 1995 warning letter after writing to Ms. Cook that it would be removed from her file amounted to fraudulent misrepresentation and negligent misrepresentation, respectively. WED argues that these claims are time-barred by the statute of limitations and that it is therefore entitled to judgment as a matter of law with respect to Counts 12 and 13.
The waiver of sovereign immunity allowing actions in tort against Rhode Island and its political subdivisions is expressly subject to a three year statutory period of limitation; actions brought thereafter are time-barred. G.L. 1956 §§ 9-1-25, 9-31-1. There are no exceptions contained in the statutory limitation period depending on the type of injury suffered as plaintiff suggests; all that matters is that the defendant is a municipality of Rhode Island.
Ms. Cook learned that WED had retained a copy of the letter when it was included in Defendant's discovery request production, stipulated to have been made April *Page 13 
26, 2002. (Tr. 80.) Her causes of action alleging misrepresentation based on this retention therefore accrued on that date. Plaintiff's First Amended Complaint raising Counts 12 and 13 for the first time was not filed with this Court until June 5, 2006; these claims based in tort were therefore time-barred, and WED is entitled to judgment as a matter of law with respect thereto.
 Conclusion
The Court has fully heard the Plaintiff, viewed all evidence in the light most favorable to her, and drawn all reasonable inferences therefrom that support Plaintiff's position. Based on this review, the Court finds there is no legally sufficient evidentiary basis for a finding in Plaintiff's favor with respect to the claims in her Amended Complaint. Therefore, with respect to Count 1 alleging violation of the Rhode Island Whistleblower statute, G.L. 1956 § 28-50-3, the motion of defendant WED for judgment as a matter of law is granted; with respect to Count 9 alleging negligent hiring, supervision and training, the motion of defendant WED for judgment as a matter of law is granted; with respect to Count 10 alleging negligence, the motion of defendant WED for judgment as a matter of law is granted; with respect to Count 11 alleging breach of contract, the motion of defendant WED for judgment as a matter of law is granted; with respect to Count 12 alleging fraudulent misrepresentation, the motion of defendant WED for judgment as a matter of law is granted; and with respect to Count 13 alleging negligent misrepresentation, the motion of defendant WED for judgment as a matter of law is granted. Counsel shall submit the appropriate judgment for entry.
[1] Hereinafter cited as "Tr."
[2] Plaintiff, in her objection to the present motion, argues thatKaya is inapposite because the case dealt with the exclusive statutory remedy available to police officers injured in the line of duty. However, the Court notes that Justice Flanders disagreed with making the statutory remedy exclusive and was discussing the common law tort duties owed by a private employer.
[3] Super. R. Civ. P. Rule 15(b) provides:
 Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . . *Page 1