GEORGE SUMMERSELL *vs.* HENRY H. FISH & others.

Suffolk.    March 2, 3. — 20, 1875.    MORTON & ENDICOTT, JJ., absent.

In an action for personal injuries caused by the fall of a derrick, which was being raised under the direction of the defendant's foreman, to whom the plaintiff stood in the relation of a fellow workman, the declaration alleged that the defendant negligently raised the derrick; and the plaintiff's counsel stated in his opening that he made no question of the foreman's competency. No evidence was put into the case tending to show that the foreman was incompetent, except such inferences as might be drawn from the manner in which he directed the raising of the derrick; and there was no evidence of any want of care on the part of the defendant in employing the foreman. *Held*, that the plaintiff's counsel was rightly prevented from arguing at the trial that the foreman was incompetent, and that the defendant knew his incompetency, or with due care might have known it.

In an action for personal injuries caused by the fall of a derrick, while being raised from one floor of a building to another, the jury were fully instructed upon the questions raised in the case. Upon their return into court with the inquiry as to precisely what matters they were to decide, the judge replied that the only substantial question was whether the derrick and its appliances were such that it could be safely hoisted from one floor to another, and repeated the instructions previously given upon that subject. The foreman then asked if "appliances" included "brains." The judge answered "No." *Held*, that the defendant had no ground of exception.

TORT for personal injuries sustained by the fall of a derrick, which the declaration alleged "the defendants negligently and carelessly raised, and made no proper arrangements to prevent its falling on the men engaged in raising." Trial in this court before *Endicott*, J., who allowed a bill of exceptions in substance as follows :

The defendants were erecting a large building in Taunton. The plaintiff was a carpenter in their employ. Jabez Brown was

the defendants' foreman, and had been in the defendants' employ a year, and was in charge of the carpenters employed on the building. The defendants had purchased a large derrick, weighing about half a ton, consisting substantially of a post about twenty-seven feet high and eight inches square, kept in an upright position by a frame-work at its foot, and moving on trucks; across the upright post, about eighteen inches from the top, was bolted a cleat about two feet long, five inches wide and three inches thick. This derrick was used for hoisting beams to their places, and for this purpose it was run along from beam to beam, and, as occasion required, hoisted from story to story when in use. The manner of raising said derrick was by applying a tackle to the top of the upright post and hauling it down, while at the same time men on the lower floor lifted it up; and when sufficiently high it was bent down to a level with the upper floor and ꜱ ꜰ ꜰ Ɪ ꜱ ꞓ ꞇ ꞇ ꞇ ꞇ ꞇ in.

In November, 1872, Brown called in the plaintiff and other workmen to raise the derrick from one story of said building to another. Brown stood at first on the upper floor and directed one of the carpenters to attach the tackle by putting a chain twice round the upper part of the post above the cleat and hooking the tackle into both parts of the chain. The man who hooked the tackle testified that Brown looked at him while doing so and expressly directed him how to attach it. This was not denied. After the derrick had been raised a short distance it fell, but not from the same cause as the fall at the time of the accident to the plaintiff, and the foreman went down to the lower floor and directed the men to hoist again. The plaintiff and other men lifted below, and those above hauled on the tackle, thus raising and inclining the derrick. An alarm was given and the foreman shouted to the men to leave, and immediately after, the chain slipped from the top of the derrick, and it fell, severely injuring the plaintiff, the other men escaping.

Evidence was offered on both sides as to the manner in which the derrick could have been raised, and whether it and the appliances connected with it were suitable for the purposes intended, and whether it was raised properly. One of the defendants testified that he purchased the derrick, and another that he had seen it in use in said building several times before the accident. The

evidence on the question of the plaintiff's own due care was con-flicting.

The plaintiff's counsel in opening the case stated, that in carrying on their work of erecting the building the defendants employed Brown as foreman; they made no question of his competency, but claimed that he was the defendants' agent, and that they were responsible for his acts; that the negligence upon which they relied was the omission of the defendants to provide a ring bolt or some similar contrivance near the top of the derrick to fasten to, when the derrick was to be raised from one floor to another.

There was no evidence in the case having any tendency to show that Brown was not a competent man to perform the services required of him, except such inferences as might be drawn from the manner in which he directed the raising of the derrick at the time of the accident, and no evidence of any want of care on the part of the defendants in the employment of Brown as foreman. At the close of the evidence the plaintiff waived his claim that Brown was the defendants' agent, and admitted that Brown and the plaintiff were fellow workmen. No allusion was made at the trial to the question of Brown's competency, or to any want of care on the part of the defendants in employing him as foreman after the opening statement, until the closing argument of the plaintiff's counsel, who then claimed to argue that the evidence showed that the foreman was incompetent, and that the defendants knew, or with due care might have known, of his incompetency to manage the derrick, and were liable. The defendants' counsel objected that under the pleadings, the opening statement of the plaintiff's counsel, the absence of any evidence that the defendants had not used due care in the selection of a foreman, and the absence of any evidence that Brown was not a competent man for his employment, except such inferences as might be drawn from the manner in which he was causing the derrick to be raised at the time of the accident, the question of the defendants' negligence in the employment of a foreman was not open. The judge sustained the objection, and ruled that under the pleadings this question was not open to the jury; but even if it was open under the pleadings he should not admit the argument after the opening statement, and in the absence of evidence at this stage of the case.

The jury were instructed as to the duty of the defendants in furnishing suitable machinery, tools and appliances for carrying on the work in which the plaintiff was engaged, in a manner not excepted to by the plaintiff. The judge instructed the jury that if the defendants were guilty of no negligence in this respect, and if the accident occurred by reason of an improper use of the instrument in trying to raise it by the fellow workmen of the plaintiff, a verdict should be returned for the defendants; that the foreman (who, it was proved, was hired and paid by the day) was admitted to be a fellow workman, and if the derrick fell through his carelessness, the plaintiff could not recover.

The plaintiff requested the judge to give the following instructions : " 1. If the master fails to use due care in providing proper servants to carry on his business, and in consequence of such employment of improper servants another employee using due care at the time is injured, the master is liable. 2. If, through the defendants' own negligence in not having proper instruments, whether persons or things, to do their work, the plaintiff, using due care, was injured, the defendants are liable. 3. If the defendants employed a foreman over their carpenters, whose orders the carpenters were bound to obey, and the foreman was incompetent to manage the work in his charge properly, and the defendants knew, or might with due care have known, of his incompetency, and one of their employees, working under said foreman's orders and using due care at the time, was injured by reason of the defendants' having employed said incompetent foreman, the defendants are liable. 4. If the defendants continued in their service an incompetent servant after his incompetency was known, or, with due care, might have been known, such employment is as much a ground of liability as the original employment of an incompetent servant." These instructions the judge declined to give, for the reasons before stated, and full instructions having been given as to the apparatus.

After the jury had been out several hours they sent a note to the judge stating they were unable to agree and could see no chance of agreeing. The judge sent for the jury and asked them if they desired further instructions upon any point, and the foreman replied they did not. The judge then addressed them upon the importance of agreeing, and directed the jury to make an-

other effort to agree.    Whereupon one of the jury stated to the judge that he wished to be instructed as to precisely what matters they were to decide, and the judge answered the only substantial question is, whether the derrick and its appliances furnished by the defendants were such that it could be safely hoisted from one floor to another in a building ; and repeated the instruction on that part previously given.    The foreman then asked if the "appliances " included "brains ; " and the judge answered, "No."

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*S. B. Allen,* (*J. D. Long* with him,) for the plaintiff.    1. The question of the competency of the defendants' foreman was open to the plaintiff under the pleadings.    The allegation that "the defendants negligently raised the derrick," covered the employment of intelligent agents as well as of inanimate apparatus.    If open on the pleadings, it might be argued, although there was no evidence of incompetency except such inferences as might be drawn from the manner in which he directed the raising of the derrick ; and as one of the defendants had purchased the derrick, and another had seen it in use in the building, in the same manner as at this time, and the case states that this was "the manner of raising the derrick," the defendants knew, or ought to have known him to be incompetent.    At least, this was evidence bearing upon this point, and having been given to the jury without objection, it was proper matter for argument and should not have been afterward excluded from their consideration by the judge.    If the testimony, admitted without objection, and competent under the pleadings, showed a different state of facts from that stated in the counsel's opening, and tended to sustain the plaintiff's case, then it was proper matter for argument and for the consideration of the jury.

2. The instructions asked for by the plaintiff should have been given, and the general instructions given as to the apparatus were not enough to cover the whole case.

3. The judge erred in saying that the "only substantial question was whether the derrick and its appliances were such that it could be safely hoisted."    This excluded the important question of how and in what manner the defendants raised the derrick.    A piece of machinery may be perfect in its appliances, and absolutely

safe in skilful hands, and yet if the owner of it uses it so unskilfully and carelessly as to injure others, he is liable. It is clear, from the juryman's question, that the jury did not understand just what matters they were to decide, and it was erroneous to narrow down the whole case into the single "only substantial question, whether the derrick and its appliances were such that it could be safely hoisted from one floor to another in a building." If it had been made of glass, or gunpowder, or nitro-glycerine, it could have been safely hoisted. The judge did not say "with ordinary skill and care," or limit the manner of raising at all, but left the jury to understand that if it were possible to hoist the machine, the defendants were not liable. Omitting "brains" reduced the question solely to the character of the apparatus, and omitted the question of care in the manner of using it. "Brains" means foresight, care, intelligence, prudence, skill, — all those intelligences which a workman is as much entitled to expect in his employer as he is to expect suitable machinery.

*W. Colburn*, for the defendants.

WELLS, J. The plaintiff shows no good ground of exception. In opening his case, it was stated that he "made no question of the competency" of Brown as foreman. Not having withdrawn this statement, nor given notice, during the trial, of any change of purpose, and having offered no evidence professedly to show incompetency, it would have been unjust, and a surprise upon the defendants, to have allowed his counsel, in his closing argument to the jury, when the defendants had no opportunity for reply, to ask the jury to infer that Brown was an incompetent person for his work, from the manner in which he directed the work at the time of the accident.

Of course, if Brown was a competent person for his employment as foreman, there was no fault or negligence on the part of the defendants in employing him.

There remained then for the jury only the question whether the defendants were negligent in regard to the appliances furnished, or which they ought to have furnished for the performance of the work. The plaintiff waived all claim that Brown was the agent of the defendants in arranging the appliances; conceding that in this particular he stood in the relation of fellow workman with the plaintiff. The instructions as to the duty of the

defendants in regard to those appliances were such as gave rise to no exception. We are to presume therefore that they were not only correct, but sufficient. The remark of the presiding justice, upon the return of the jury into court, in answer to an inquiry " as to precisely what matters they were to decide," that it was whether the derrick and its appliances were " such that it could be safely hoisted from one floor to another," accompanied with a repetition of the instructions previously given upon that subject, could not have misled the jury as to the real question, although the remark itself, standing alone, may have been too restricted a statement of the question.                    *Exceptions overruled.*