PATRICK O'CONNOR *vs.* O. P. ROBERTS & another.

Suffolk.    March 30. — April 7, 1876.    COLT & LORD, JJ., absent.

A laborer cannot recover against a firm of contractors for personal injuries resulting
from the negligence of their foreman, who is his fellow-servant.

TORT for personal injuries sustained by the plaintiff, a laborer in the employ of the defendants, who were contractors, engaged in digging a trench.   Trial in the Superior Court, before *Rockwell, J.*, without a jury, who allowed the following bill of exceptions :

" One Roberts was the foreman of the defendants, and had charge of the gang of workmen to which the plaintiff belonged, and he had directions from the defendants and acted continually under these directions.   The plaintiff testified that he was at work in the trench, which uncovered an old sewer, at a place where the trench had been dug, some seven feet deep ; that the foreman directed him to leave that place, and go farther up along the trench, where it had not been dug so deep, and shovel some dirt out that had fallen in; that at the top of the ground a crust, about a foot in thickness, was harder and more compact than the dirt and sand below, which latter had caved in, leaving the crust hanging over ; that he told the foreman the top ought to be broken in before shovelling the dirt and sand out, but the foreman said there was no fear ; that he made some attempt to bring down the crust, but the foreman said he would risk it ; that while in the act of throwing out a shovelful of the dirt, a portion of the crust fell upon his legs, and threw him down upon the old sewer, and pinned him there till he was released by others, and that he was injured.   There was other testimony in the case, introduced by both sides, and some of it conflicted with the above testimony of the plaintiff, particularly in regard to the declarations and directions of the foreman at and before the time of the accident.

" Upon the whole evidence the judge found as matters of fact that the plaintiff was injured, that the injury was caused by the negligence of the defendants, and that the plaintiff was at the time in the exercise of due and ordinary care; and that these

facts were proved affirmatively by the plaintiff by the preponderance of evidence.

" The defendants asked the judge to rule that the plaintiff, being injured by his own negligence or the negligence of his fellow-servant, could not recover of his employers; that as the plaintiff noticed the danger, and the condition of the bank and dirt, and yet continued to work, and was injured in consequence thereof, he could not recover. But the judge declined so to rule, as the request for instructions assumed facts which did not exist, and found for the plaintiff in the sum of $175. The defendants alleged exceptions."

*C H. Chellis,* for the defendants.

*L. M. Child,* for the plaintiff.

BY THE COURT. There is no evidence of any negligence on the part of the defendants, other than the negligence of their foreman, and the foreman is a fellow-servant of the plaintiff, for whose negligence he cannot recover in this action. *Albro* v. *Agawam Canal,* 6 Cush. 75. *Summersell* v. *Fish,* 117 Mass. 312.

*Exceptions sustained.*