## JOHN ZEIGLER *vs.* MARCELLUS DAY.

Suffolk   March 13. — Sept. 15, 1877.   ENDICOTT & SOULE JJ., absent.

In an action by a laborer against his employer to recover for personal injuries caused by the falling in of the sides of a sewer in which the laborer was at the time at work, there was evidence that the employer was a contractor for the construction of the sewer; that the laborer was at work at the time of the accident under the direction of a superintendent, who had charge of the work and was admitted to be skilful and competent, and who was to receive, as compensation for his services, one half the profits; and that, for the safety of the men, it was necessary, in some dangerous places where the soil was loose, to place planks properly braced to keep the sides from falling in; and that this was not done. The plaintiff also offered to show that the system of construction was unsafe and defective. There was no evidence that the employer failed to furnish sufficient or suitable material for the construction of the safeguards, or that he was chargeable with any specific personal neglect, or knew of the cause of the accident. *Held*, that the superintendent was a fellow servant of the laborer, and that the action could not be maintained.

TORT for personal injuries occasioned to the plaintiff, by the falling in of the sides of a sewer upon which he was at work while in the employ of the defendant, who was a contractor. Trial in this court, before *Lord*, J., who reported the case for the determination of the full court on the question whether the plaintiff, upon the evidence put in and offered, should become nonsuit, or the case stand for trial. The nature of the evidence introduced and offered appears in the opinion.

*G. S. Hale & W. Emery*, for the plaintiff.

*T. H. Sweetser & J. W. Hammond*, for the defendant.

COLT, J. To maintain this action the plaintiff must show a neglect of some duty on the part of the defendant, which he owed to the plaintiff while he was employed in his service, and which was the sole cause of the injury complained of. The plaintiff alleges that there was such neglect, either in not providing sufficient security against the caving in of a trench which he was digging for the defendant, or in not notifying him of danger connected with the work, of which the defendant was aware, but of which the plaintiff was ignorant. The plaintiff's evidence is made part of the report, and the question is whether that evidence, with " offers to prove an unsafe and defective system of construction," and that the defendant was present from time to time and had knowledge of the way in which the work was progressing, should have been submitted to the jury.

It appeared that the defendant had contracts for the construction of sewers through the streets of the city of Cambridge ; that at the time of the accident the plaintiff was at work for him, digging for one of the sewers, through soil more or less sandy, under the direction of one Winning, who had charge of the work as superintendent, and whose skill and competency were admitted by the plaintiff. It did not appear that the defendant did any work himself on the sewer, or that he gave any directions to the men who were at work under Winning. For the safety of the men in the trench, it was necessary, in some dangerous places where the soil was loose, to place planks properly braced to keep the sides from falling in. The necessity for this, as well as the proper mode of applying the safeguards, was from the nature of the case left to be determined by the superintendent as the work of excavating and extending the sewer progressed. There was no evidence that the defendant failed to furnish sufficient and suitable material for the construction of the required safeguards, or that he was chargeable with any specific personal neglect, or knew of the cause of this injury. The offer of proof that the system of construction was unsafe and defective, and known to the defendant, in addition to the evidence reported, was an offer not to prove the existence of any fact inconsistent with or additional to those already in evidence, but to show that the general mode adopted was known to the defendant, and that he was therefore responsible for it.

If the negligence relied on to support the action was the negligence of a fellow servant while engaged in the same general business, or in a service which constituted part of the common employment, although it was a service of a higher grade, the plaintiff cannot recover. Such negligence is regarded as among the ordinary risks of the employment in which he was engaged. On the other hand, the master is bound to exercise ordinary care in the choice of servants and in supplying suitable appliances, instrumentalities or materials, for the performance of the work required. If the plaintiff suffered from the master's neglect in this respect he may recover.

We are of opinion that the evidence would not warrant a jury in charging the defendant with neglect of the latter description. The master does not insure the safety of the servant. He

is only required to use reasonable care to provide suitable material and appliances, so that the workman may be only exposed to such risks as are ordinarily incident to the business. It is not always easy to decide whether a given injury was within the risks assumed, or was caused by the master's neglect of duty. " Whether a particular structure or appliance is one for which the master is responsible to his servant may depend upon circumstances, including the nature and scope of the employment of those engaged in its preparation and use. It may depend upon the question whether the direction and charge of the work is confided to the workmen or some of them, or retained by the employer or left unprovided for." *Arkerson* v. *Dennison*, 117 Mass. 407.

In the case at bar, the work was committed to the supervision of a skilful and competent superintendent; it required for the protection of the men the frequent use of temporary structures, the location and erection of which, as the digging progressed, was a part of the work in which the superintendent and the men under him were alike employed, and for the preparation of which, as in case of the scaffold of the mason or the carpenter, the master is not liable, unless there is something to show that he assumed it as a duty independent of the servant's employment. The occasional presence of the defendant as the work went on is not enough to charge him with this duty. *Summersell* v. *Fish*, 117 Mass. 312. *Johnson* v. *Boston*, 118 Mass. 114. *Hodgkins* v. *Eastern Railroad*, 119 Mass. 419. *O'Connor* v. *Roberts*, 120 Mass. 227. *Kelley* v. *Norcross*, 121 Mass. 508. *Harkins* v. *Standard Sugar Refinery*, 122 Mass. 400.

But the plaintiff contends that the case is taken out of these rules by the fact that the superintendent Winning was a partner or joint principal with the defendant in this work, and not a fellow servant of the plaintiff. The undisputed facts however show that he was not a partner. The agreement was that Winning should work for the defendant as superintendent, and should receive one half the profits as compensation for his work; he was to furnish no capital; he was to share no losses and to be responsible for no debts ; he had no lien, no interest in the stock or materials or in the profits as profits. The parties did not understand that they were partners. *Ryder* v. *Wilcox*, 103 Mass. 24.

*Denny* v. *Cabot*, 6 Met. 82.   The facts disclosed do not change Winning's relation to the plaintiff as his fellow servant.   In view of the plaintiff's express admission as to his skill and competency, we have not considered whether his peculiar relation to the principal was such as to disqualify him, or to charge the defendant with neglecting his duty to the plaintiff by employing him as superintendent upon such terms.          *Plaintiff nonsuit.*