MAURICE FLYNN *vs*. CITY OF SALEM.

Essex. Nov. 8, 1882. — March 2, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A person employed by a city to superintend the digging of a trench, and a person employed as a laborer to dig the trench by the same master, are *prima facie* fellow servants; and, to maintain an action against the city for personal injuries occasioned to the laborer by the negligence of the superintendent, the declaration must allege facts, the legal effect of which is that they are not such fellow servants.

TORT. The declaration was as follows: "And the plaintiff says that he was employed by the defendant to assist in digging a trench in one of the public streets in said city, to wit, in Dodge Street, which trench was opened by said defendant, in the exercise of its rights and in pursuance of its duty, for public and municipal purposes. And he says that while he was so employed, and while in the exercise of due care, the side of said trench caved in and fell upon the plaintiff, and buried him up in earth and clay, and inflicted severe personal injury upon him. And he further says that the defendant was guilty of negligence in the premises, and that the superintendent of said work, who was the agent of the defendant for that purpose, directed and required the plaintiff to dig in said trench, and in a part of the same in which it was dangerous and unsafe for him to be and to dig; and that said superintendent, being agent as aforesaid, when he required the plaintiff to dig in said trench as aforesaid, well knew and had reason to know that the place in which he required the plaintiff to dig in said trench was dangerous and unsafe, and that the sides of said trench were likely to cave in and injure persons working and digging therein; and that the said superintendent negligently failed to warn and inform said plaintiff that the place in which he required the plaintiff to work was dangerous, or that the sides of said trench were likely to cave in and injure persons working therein. And he says that he was wholly ignorant of the danger which he incurred by working where he was so directed, and that he was injured solely by reason of the negligence of said defendant in requiring and employing him to work in a dangerous place, where he was

likely to be injured, without giving him any notice of such danger."

The answer contained a general denial, and also a demurrer to the declaration for the following reasons: "Because it does not set forth a legal cause of action against said defendant; because it appears that the alleged negligence was that of a fellow servant of the plaintiff; and because it is not alleged that the defendant's superintendent either knew or had reasonable cause to know that the plaintiff was ignorant of the alleged danger."

The Superior Court overruled the demurrer; the jury returned a verdict for the plaintiff; and the defendant appealed to this court.

*S. B. Ives, Jr.*, (*H. P. Moulton* with him,) for the plaintiff.

*J. A. Gillis*, for the defendant.

FIELD, J. The declaration alleges "that the defendant was guilty of negligence in the premises," but the only negligence specifically set out is the negligence of the "superintendent of said work, who was the agent of the defendant for that purpose." The declaration does not clearly show for what purpose the trench was being dug, whether the superintendent was an officer of the city or not, or what his duties were. *Prima facie*, a person employed to superintend the digging of a trench is a fellow servant with the laborer employed to dig it, when the superintendent and the laborer are employed by the same master. *Zeigler* v. *Day*, 123 Mass. 152. *Johnson* v. *Boston*, 118 Mass. 114. *O'Connor* v. *Roberts*, 120 Mass. 227. *Killea* v. *Faxon*, 125 Mass. 485.

If there were any facts, of which the legal effect was that the superintendent and laborer were not fellow servants, they should have been stated in the declaration.

*Judgment and verdict set aside, and demurrer sustained.*