DAVID H. CRANDALL *vs.* STAFFORD MFG. CO.

PROVIDENCE—DECEMBER 22, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Master and Servant.   Contributory Negligence.   Nonsuit.   Fellow-Servant.*

In doing work upon an appliance in a mill, intended to be used in facilitating the carrying on of defendant's business, a servant occupies the place of the master ; and hence, if the work is improperly or negligently done and the plaintiff is injured thereby, he, being free from contribu-

tory negligence, is entitled to recover. The fellow-servant rule has no application to such a set of facts.

*Dictum* in *Laporte* v. *Cook*, 21 R. I. 158, distinguished.

(2) *Contributory Negligence. Question for Jury.*

Where the evidence is such that different minds, fairly considering it, might draw different conclusions therefrom, the question of contributory negligence is for the jury to determine.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and petition granted.

TILLINGHAST, J.   1. We think the trial court erred in granting the nonsuit in this case.

(1)     The witness, John S. Grant, who erected the "hanger" upon which the pulley-shaft was placed, was not, in the doing of that work, a fellow-servant with the plaintiff. The "hanger" was part of an appliance in the mill ; it was put up under the oversight of the superintendent, and was intended to be used in facilitating the doing of certain work which the defendant corporation was carrying on.   The duty of properly constructing and fastening said appliance, therefore, was clearly one which the law devolved upon the defend-ant, as master, and it could not divest itself of this duty by devolving it upon another.   As said by this court in *Mulvey* v. *R. I. Locomotive Works*, 14 R. I. 204, " It is the duty of a master, who furnishes machinery for his servants to operate or work about, to see to it that it is reasonably safe.   He cannot divest himself of this duty by devolving it on others, and if he does devolve it on others, they will simply occupy his place, and he will remain as responsible for their negligence as if he were personally guilty of it himself."   The same rule in substance is laid down in *Brodeur* v. *Valley Falls Co.*, 16 R. I. 448 ; *Di Marcho* v. *Builders' Iron Foundry*, 18 R. I. 514 ; *Hanna* v. *Granger*, 18 R. I. 507 ; *Whipple* v. *R. R. Co.*, 19 R. I. 587 ; *Laporte* v. *Cook*, 21 R. I. 158 ; *McGarr* v. *Natl. Worsted Mills*, 22 R. I. 350 ; *McDonald* v. *Postal Telegraph Co.*, 22 R. I. 134 ; and *Cummings* v. *Natl. Worsted Mills*, 24 R. I. 390.

2. The case is not controlled by the *dictum* of this court in *Laporte* v. *Cook*, 21 R. I. 158.

That was a case where the defendant city was engaged in digging a trench and laying water-pipes therein. The trench was not sheathed, and the plaintiff, while digging bell-holes at the bottom thereof, as he was directed to do by the foreman, was injured by the sudden caving in upon him of the bank of said trench. And we held that, in view of the circumstances which appeared in evidence regarding the plaintiff's ignorance of the condition of the soil, the very brief time that he had worked in the trench before it caved in, his ignorance of the fact that it had repeatedly caved in before, etc., and in view of the further fact that nothing appeared to be dangerous in connection with the trench, the plaintiff's conduct in attempting to do the work as directed by the boss was not, as matter of law, a negligent act. We also suggested that if the city had furnished the necessary sheathing for the trench, and the boss or foreman had neglected to use it and the plaintiff had been injured by reason of such neglect, the defendant's contention of non-liability on the part of the city would have been tenable, as such neglect would then have been that of a fellow-servant.

That this suggestion or *dictum* was in accordance with the well-settled rule of law under such a state of facts, we see no reason to doubt.

In *Dube* v. *Lewiston*, 83 Me. 211, which was specially relied on by us in support of the position thus taken, the court held that the street commissioner discharged his duty when he assigned to the work of digging the trench an experienced and competent foreman and furnished him with suitable and sufficient materials for any appliances necessary for the safe conduct of the work; and that the use and application of the materials formed a part of the duty of the workmen. The court further held that if the commissioner's failure to place shoreing against the side of the trench where the earth fell could be deemed negligence, it was the negligence of a fellow-servant.

It also held that said street commissioner was not required

to perform any duty in the premises which legally belonged to the province of the master. But that the court did not intend by said decision to overrule or modify the well-settled rule of law regarding the duty and liability of a master in cases like the one before us is evident from the rule which it then adopted, namely : "The true test, it is believed, whether an employee occupies the position of a fellow-servant to another employee, or is the representative of the master, is to be found, not from the grade or rank of the offending or of the injured servant, but is to be determined by the character of the act being performed by the offending servant, by which another employee is injured ; or, in other words, whether the person whose status is in question, is charged with the performance of a duty which properly belongs to the master."

The case of *Zeigler* v. *Day*, 123 Mass. 152, was similar to the one just referred to. There the plaintiff alleged a neglect on the part of the defendant to provide sufficient security against the caving in of a trench which he was digging for the defendant. But the court, in granting a nonsuit, said : "The work was committed to the supervision of a skillful and competent superintendent ; it required for the protection of the men the frequent use of temporary structures, the location and erection of which, as the digging progressed, was a part of the work in which the superintendent and the men under him were alike employed, and for the preparation of which, as in case of the scaffold of the mason or the carpenter, the master is not liable unless there is something to show that he assumed it as a duty independent of the servant's employment."

In cases like *Laporte* v. *Cook*, and those just referred to, therefore, it is evident that a different rule applies, and must of necessity apply, from that which obtains in cases like the one now before us. That is to say : In the digging of a trench the proper mode of doing the work and of applying the safeguards necessary for the protection of the workmen must, from the nature of the case, be left to be determined by the foreman or boss as the work of excavating progresses. And

hence all that the master can reasonably be required to do is to furnish such appliances as may be found necessary to meet any contingency that may arise. And, as held in *Zeigler* v. *Day*, *supra*, the erection of such temporary structures is a work in which both the foreman and those under him are alike employed—the former simply occupying a higher grade than the latter in the doing of the work—and hence the fellow-servant rule applies thereto. To the same effect are *McDermott* v. *Boston*, 133 Mass. 349 ; *Floyd* v. *Sugden*, 134 Mass. 563 ; *Clark* v. *Soule*, 137 Mass. 380 ; *Larich* v. *Moies*, 18 R. I. 513 ; and *Laporte* v. *Cook*, 22 R. I. 554.

In the doing of the work in question in the case at bar, however, the servant, Grant, occupied the place of the master. In other words, he was the master in the doing thereof ; and hence, if it was improperly or negligently done, and the plaintiff was injured by reason thereof, he, being free from contributory negligence, is entitled to recover. The character of the act done by Grant devolved it upon the master ; and hence, under the rule laid down in *Hanna* v. *Granger*, *supra*, and followed in all the subsequent cases in this court in which the question has arisen, Grant was not a fellow-servant with the plaintiff in the doing of said work.

3. Whether the plaintiff was guilty of contributory negligence in putting the belt upon a moving pulley was clearly a question for the jury under the evidence submitted, and it was therefore error for the court to decide that question.

There was undisputed evidence that it was always customary to put on belts when the pulleys were moving, and also that the plaintiff was experienced and skillful in doing such work. And it is evident that no injury would have resulted to him from putting on the belt in question, or, rather, in assisting the witness Grant, at his request, in putting it on, as the evidence shows that he did, had not the "hanger" which supported the shaft given way, thereby causing the shaft to fall towards the plaintiff immediately after the belt was put on, whereby he became entangled in the belt and was injured.

The plaintiff testified in part, relative to the manner in

which he received the injury, as follows : "Q. When you got the belt and got it on the pulley of the main shafting and the power caught it, tell the jury what happened. A. The shafting of that counter-shaft dropped down for the want of being properly put up, and of course the belt was on the main shaft and that drew that towards me instantly, and that twisted the other hanger off and then the whole thing came at me. It was all done in an instant. Q. Tell us what happened. A. Whether I tried to jump out of the way or whether the thing caught and knocked me down, I don't know. It was done too quick to explain how it was done. I know it took me over the shaft, belt and all. Q. How many times ? A. I know I went over twice."

In view of this testimony, it cannot be said, as matter of law, that the plaintiff was guilty of contributory negligence in assisting Grant in adjusting the belt. The well-settled rule in this State is that where the evidence is such that different minds, fairly considering it, might draw different conclusions therefrom, the question of contributory negligence is one for the jury to determine. *Boss* v. *Ry. Co.*, 15 R. I. 149 ; *Clarke* v. *Electric Lighting Co.*, 16 R. I. 466 ; *Eliott* v. *Ry. Co.*, 18 R. I. 711 ; *Swanson* v. *Ry Co.*, 22 R. I. 122 ; *Blackwell* v. *O'Gorman Co.*, 22 R. I. 638.

Plaintiff's petition for new trial granted.

*John W. Hogan and Philip S. Knauer*, for plaintiff.
*Walter B. Vincent*, for defendant.