CATHERINE HENAHAN, administratrix, *vs.* PATRICK J. LYONS.

Suffolk.     January 12, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence, Res ipsa loquitur, Employer's liability.*

The fact, that a brick wall of the cellar of a house that was being pulled down fell on a workman as he was passing near it in the course of his employment, is not in itself evidence of negligence on the part of the contractor who was engaged in pulling down the house.

In an action of tort by an administrator under the employers' liability act for injuries to the plaintiff's intestate alleged to have been caused by the negligence of one whose sole or principal duty was that of superintendence, the mere facts that a certain person, whom the plaintiff's intestate called the foreman, gave orders to one other man who was working with him, that the intestate was ordered by the defendant to report to this person and did so and was sent by this person to the place where the accident occurred, are not evidence that superintendence was this person's sole or principal duty, where there is no other evidence which tends to show that such was the case.

TORT for personal injuries sustained by the original plaintiff, John Henahan, while in the employ of the defendant from a wall falling upon him on August 12, 1903, with two counts, the first at common law alleging a failure to furnish the plaintiff with a safe place in which to work and a failure to warn or instruct him concerning the danger to which he was exposed, and the second under the employers' liability act alleging the negligence of a person in the service of the defendant intrusted with and exercising superintendence. Writ dated October 20, 1903.

The original plaintiff died as the result of his injuries and Catherine Henahan, the administratrix of his estate, was admitted as plaintiff to prosecute the action.

In the Superior Court the case was tried before *Gaskill*, J. Testimony was given by the later plaintiff and three other witnesses, all of whom gave descriptions of the accident as told to them by the plaintiff's intestate before his death and before the date of the writ. These descriptions showed that the accident occurred five or ten minutes past seven o'clock in the morning of August 12, 1903. Henahan, a brick mason by trade, but working as a laborer when he could not get employment at his trade, was put to work by the defendant in beginning to pull down a wooden building on Bowdoin Street in that part of Boston called Dorchester. Before the close of the first day on the work, the defendant came and took Henahan away, and put him at work at a distance at another kind of employment. For three or four days the work of destroying the wooden building continued, the work being done by one man, with one Scanlan, whom the plaintiff's intestate called the foreman and said he gave orders. The next day the defendant ordered Henahan to report for duty to Scanlan, giving him his car fare to go to Bowdoin Street. Early on the day of the accident the intestate reported to Scanlan and then was ordered by him to go into the cellar of the building to get tools and to go to work on the wall or side of the building then standing. The intestate went into the cellar, first looking at the standing side wall and deciding that it was perfectly safe and would stand for a long time. After getting tools he started to come out of the cellar when the wall fell on him, inflicting the injuries complained of. No work had been done by any of the men that morning, and none of the men other than the plaintiff's intestate were close to the side wall when it fell.

The testimony relating to superintendence was of the character stated in the opinion.

At the close of the plaintiff's evidence, the defendant rested, and the judge ruled that upon the evidence as a matter of law the plaintiff could not recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. P. Magenis*, (*J. B. Boland* with him,) for the plaintiff.

*J. P. Leahy*, for the defendant, was not called upon.

HAMMOND, J. 1. So far as respects the count at common law, the plaintiff failed to show negligence of the defendant. He was

not personally present, and there is no evidence that the work was improperly done in any respect, or that suitable means of prosecuting it were not at all times provided, or that proper workmen were not employed. Nor is the doctrine of *res ipsa loquitur* applicable. The workmen were engaged not in putting up the wall, but in tearing it down; and under such circumstances the fact that finally the wall came down is not of itself evidence of negligence.

2. So far as respects the second count, alleging negligence of one whose sole or principal duty was that of superintendence, it is sufficient to say that even if Scanlan is shown to have been in a certain sense a foreman there is not the slightest evidence that superintendence was his sole or principal duty. On the contrary the evidence, so far as it has any bearing, seems to point the other way.

*Exceptions overruled.*