JOHAN O. ANDERSON *vs.* J. N. SMITH.

Suffolk.   March 14, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.

If the superintendent of a proprietor of teams, which are used for loading manure at a place called "the dump" and transporting it to other places, tells the driver of one of the teams to take two designated men with him to the dump and load manure, sending there also at the same time another team with two men, and if, after loading at the dump, the second team gets stuck owing to the softness of the ground, and the driver of the first team unhitches his horses, and, handling the reins himself, orders the two men sent with him each to hitch one of the horses in front of the pole horses of the other team as leaders, and, after one of the horses has been so hitched, and when the man who was told to hitch the other horse is in the act of coupling the whiffletree to the loop on that side of the pole by means of a hook and chain, the driver, who still is handling the reins, strikes that leader with his whip, whereupon the horse jumps, and the man's finger is caught between the hook and the loop or ring and is injured, in an action by the injured man against the proprietor of the teams under R. L. c. 106, § 71, cl. 2, a verdict must be directed for the defendant, because the driver, who gave the order to the plaintiff and afterwards struck the horse with the whip, was not a person "whose sole or principal duty was that of superintendence," nor was he a person who "in the absence of such superintendent was acting as superintendent with the authority or consent" of the defendant; and, if there was negligence in striking the horse with the whip, it was that of a fellow servant of the plaintiff.

TORT for personal injuries sustained by the plaintiff while in the employ of the defendant on January 15, 1908, at the defendant's place of business, called the dump, in that part of Boston called South Boston, the declaration containing two counts, the first at common law, alleging a failure to furnish the plaintiff with a safe place to work and suitable appliances, and the second under R. L. c. 106, § 71, cl. 2, alleging negligence of a person in the service of the defendant who was entrusted with and was exercising superintendence, or, in the absence of such superintendent, of a person acting as superintendent with the authority or consent of the defendant.   Writ dated February 14, 1908.

In the Superior Court the case was tried before *White*, J. The plaintiff waived the first count of his declaration and relied

upon the second count. It was admitted by the defendant that sufficient notice in writing was given by the plaintiff to the defendant under the employers' liability act. It also was admitted by the defendant that one Dodd was the superintendent in the employ of the defendant.

The plaintiff testified in his direct examination that on the day on which the injury occurred he was in the employ of the defendant, that he had been working in Cambridge unloading manure in the forenoon, that after dinner Dodd, the superintendent, told one Sullivan to take the plaintiff and one Dahlquist to the dump and load manure; that when they arrived at the dump Sullivan and the plaintiff loaded up Sullivan's team with manure and one Curran and Dahlquist loaded Curran's team; that Sullivan's team first was taken up on the street, that Sullivan subsequently unhitched his horses, driving them himself down to where Curran's team was standing for the purpose of assisting Curran's team up to the street, owing to the softness of the ground where the team was loading; that Sullivan then ordered the plaintiff to hitch his, Sullivan's, left leading horse and Dahlquist to hitch the right leading horse to the pole horses of Curran's team while he, Sullivan, was handling the reins; that Dahlquist then hitched Sullivan's right horse to Curran's right pole horse and the plaintiff then tried to hitch Sullivan's left horse to Curran's left pole horse by taking hold of the whiffletrée of the left horse of Sullivan's horses, and was at the time standing near the rear on the right hand side of Sullivan's left leading horse near the front legs of Curran's left pole horse; that while the plaintiff was in the act of coupling the whiffletree to the loop underneath the pole by means of a hook and chain, Sullivan struck his left leading horse with his whip, whereupon the horse jumped and the plaintiff's right index finger got caught between the hook and the loop or ring and was crushed.

The plaintiff further testified that Sullivan stood on the left hand side of his left leading horse near the rear of the horse about three or four feet away from the plaintiff at the time the injury occurred and that he could plainly see what the plaintiff was doing from where he was standing; that the plaintiff was in the act of doing what Sullivan had ordered him to do when

Sullivan struck the horse and the injury occurred; and that no one but Sullivan handled the reins of his horses from the time he unhitched them from his own team on the street up to the time of the injury.

At the close of. the plaintiff's evidence the judge ordered a verdict for the defendant, and, by consent of the parties, reported the case for determination by this court, upon the stipulation of the parties that, if the ruling of the judge was right, judgment was to be entered on the verdict, and that, if it was wrong, judgment was to be entered for the plaintiff in the sum of $500.

*C. H. Johnson,* for the plaintiff, submitted a brief.

*W. H. Hitchcock,* (*C. M. Pratt* with him,) for the defendant.

HAMMOND, J. The first count of the declaration was waived and the case went to trial solely on the second.

The evidence tended to show that while the plaintiff, being in the employ of the defendant, was attempting to hitch a leading horse to a cart, and was in the act of coupling the whiffletree to the loop underneath the pole by means of a hook and chain, one Sullivan, who as the defendant's servant was handling the reins, struck the horse with his whip, causing the horse to jump, by reason whereof the plaintiff's right index finger was caught between the hook and the loop or ring and was crushed.

The question is whether the evidence would warrant a finding that for this act of Sullivan the defendant is answerable to the plaintiff. It is very plain he is not. Even if, without deciding, it be assumed in favor of the plaintiff that, in directing the plaintiff to hitch the horse to the pole, Sullivan was exercising a kind of superintendence, still it is perfectly obvious that he was not a person " whose sole or principal duty was that of superintendence." See *O'Neil* v. *O'Leary,* 164 Mass. 387. Nor can it be said that he was a person who " in the absence of such superintendent was acting as superintendent with the authority or consent" of the defendant. *Carney* v. *A. B. Clark Co.* 207 Mass. 200. Dodd was the regular superintendent and was acting as such. He was not absent within the meaning of R. L. c. 106, § 71, cl. 2. If there was any negligence it was that of Sullivan, the plaintiff's fellow servant, for which neither at com-

mon law nor under the statute was the defendant answerable. *O'Connor* v. *Roberts*, 120 Mass. 227. *Carney* v. *A. B. Clark Co.*, *ubi supra.*

*Judgment for the defendant on the verdict.*