SIMON MCNAMARA *vs.* GILLETTE SAFETY RAZOR COMPANY.

Suffolk.  December 13, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability. *Elevator. Practice, Civil,* Exceptions.

In an action by a machinist's helper against his employer for personal injuries caused by the falling of a defective freight elevator of a building while the plaintiff was using it in his work, if it appears that the defendant was the lessee of only the third story of the building and that the elevator was maintained by the lessor for the common use of all the tenants in the building, the defendant cannot be held liable for the results of the defective condition of the elevator.

In an action by a machinist's helper against his employer for personal injuries sustained from the falling of a defective freight elevator while the plaintiff was using it in his work, if it appears that a superintendent of the defendant told the plaintiff that there were some boxes that he wanted taken upstairs, this is not a direction to the plaintiff to ride on the elevator with the boxes, and, if there is no evidence that the superintendent knew or should have known that the workmen used the elevator for this purpose, there is no evidence that the plaintiff's injuries were caused by the negligence of the superintendent.

An exception by a plaintiff to the exclusion of competent evidence offered by him will not be sustained, if the plaintiff would not have been entitled to recover in case the evidence had been admitted and therefore was not prejudiced by its exclusion.

TORT by a machinist's helper against his employer for personal injuries sustained on November 27, 1908, by reason of the falling of a freight elevator caused by the breaking of the hoisting cable and the failure of the safety devices to work properly; with three counts, the first two respectively under clauses 1 and 2 of R. L. c. 106, § 71, and the third at common law for a failure to provide the plaintiff with a safe and suitable place to work. Writ dated February 16, 1909.

In the Superior Court the case was tried before *Brown*, J. At the close of the plaintiff's evidence, which is described in the opinion, the judge ordered a verdict for the defendant and reported the case for determination by this court. If the ordering of the verdict was right, judgment was to be entered for the defendant. If it was wrong, a new trial was to be ordered.

*E. Carr*, for the plaintiff.

*W. H. Hitchcock*, for the defendant.

BRALEY, J. The exterior freight elevator, the fall of which by the parting of the hoisting cable, and the failure of the safety device to work, caused the plaintiff's injuries while riding on it, was appurtenant to a building, the third story of which had been leased by the defendant to be used in connection with its factory, for the storage of "discarded castings and advertising matter and office equipment." The lease was not introduced at the trial, yet, from the undisputed evidence, the elevator was maintained by the lessor for use in common by the various tenants. If as the jury would have been warranted in finding, the cable and safety clutch had become defective and dangerous from rust caused by long exposure to the weather, and the defects should have been remedied, the responsibility for these conditions rested upon the lessor, and not on the defendant, either at common law or under the statute. *Droney* v. *Doherty*, 186 Mass. 205. *Wright* v. *Perry*, 188 Mass. 268. *Doherty* v. *Booth*, 200 Mass. 522. *Hawkes* v. *Broadwalk Shoe Co.* 207 Mass. 117, 121, and cases cited.

But, if the plaintiff, whose due care was a question for the jury on the evidence, cannot recover under the first and third counts for defects in the defendant's ways, works and machinery, and its alleged negligence in not providing a reasonably safe place in which his work was to be done, he contends, that he should have been permitted to go to the jury under the second count,

alleging negligence of some person in the defendant's service entrusted with and exercising superintendence. *Moylon* v. *D. S. McDonald Co.* 188 Mass. 499. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. It must be shown, where this ground of liability is relied upon, that the employee's injuries are directly attributable to a negligent act of superintendence. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586. The general orders given to the plaintiff on the day of the accident by the defendant's department foreman, to go over and see the shipper, "there are some boxes on a team over there that I want in this building taken up stairs," the jury could say were from one entrusted with authority over him, whom he was bound to obey. *Murphy* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 18. A further finding, that the foreman understood and intended the boxes were to be taken from a team in the driveway and transferred to the third story by use of the elevator, would have been justified on the plaintiff's evidence. If the defendant, although temporarily, had the exclusive control and maintenance of the elevator as an appliance used in its business, and the foreman knew or expected that the workmen in doing their work would pass up and down on it, he might have been found negligent in permitting or directing its use, where by the exercise of due diligence the jury could have said he should have discovered the defects. *Foster* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 21. *Feeney* v. *York Manuf. Co.* 189 Mass. 336. *Toy* v. *United States Cartridge Co.* 159 Mass. 313. The plaintiff, however, not having been directed in terms to ride on the elevator, and there being no evidence that the foreman knew or should have known that the workmen used it for this purpose, the order given cannot be deemed a violation of any duty of superintendence. *Proulx* v. *J. W. Bishop Co.* 204 Mass. 130, 137. In so far as shown, the duties of the shipper did not constitute him as one having authority over the plaintiff, for he seems only to have executed, at the building where he was stationed, such orders as had been given by the foreman. *Anderson* v. *Smith,* 209 Mass. 52.

The plaintiff also excepted to the exclusion of certain evidence. The qualifications of the mechanical expert not having been questioned, the ruling that he must have seen the broken cable and

rusted clutch before expressing an opinion in a hypothetical question unobjected to for form, and the exclusion of the questions to the foreman, called as a witness by the plaintiff, "to show the use to which the defendant put the elevator," were erroneous. *Miller* v. *Smith*, 112 Mass. 470. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 99, 100. *Saures* v. *Stevens Manuf. Co.* 196 Mass. 543. But, as the admission of the evidence wrongly excluded would not have made out a case for submission to the jury, the defendant has not been prejudiced.

*Judgment for the defendant on the verdict.*