MAURICE COLLINS *vs.* JEROME C. BORDEN.

Bristol. January 20, 21, 1914. — March 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability.

If a workman, who has been employed in a lumber yard for two years, is sent by a salesman, whom it is his duty to obey, to help a man, who is called a stevedore and who at the most is a working foreman, in getting out some heavy timber from a pile by means of a derrick, and, while the two men are working together with equal and interchangeable duties, the workman first mentioned is struck by a heavy piece of timber that is being lowered at a signal given by the stevedore and is being guided by the workman himself over an adjoining pile of lumber, and is injured, it cannot be found in an action against his employer for such injuries, that they were caused by the negligence of a superintendent or of a person acting as a superintendent within the meaning of St. 1909, c. 514, § 127, cl. 2.

TORT under St. 1909, c. 514, § 127, cl. 2, for personal injuries sustained by the plaintiff on February 20, 1911, while employed in the defendant's lumber yard at Fall River. Writ dated October 4, 1911.

In the Superior Court the case was tried before *White,* J. The evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant on the fourth count of the declaration, which was the only count relied

upon by the plaintiff and was under the clause of the statute named above. By agreement of the parties the judge reported the case for determination by this court. If there was sufficient evidence to go to the jury on the ground of negligence of a superintendent or of one acting as a superintendent, judgment was to be entered for the plaintiff in the sum of $750; otherwise, judgment was to be entered for the defendant.

*C. R. Cummings,* for the plaintiff.

*D. F. Slade,* for the defendant.

DE COURCY, J. The plaintiff brings this action under the employers' liability act for injuries suffered while he was working in the defendant's lumber yard. At the time of the accident he and another employee, one Joseph Banville, with the aid of a derrick were engaged in lowering a heavy piece of timber from the top of a lumber pile. Banville had fastened the iron dogs on the timber, it had been raised from the pile by means of the derrick block and chain, and was being guided by the plaintiff over an adjoining pile of lumber, when Banville signalled with his hand to the engineer to lower it. In some way the plaintiff was struck by the timber and was thrown to the ground.

The chief, if not the only, question under the report is whether Banville was a person "who was entrusted with and was exercising superintendence and whose sole or principal duty was that of superintendence," or was one who, "in the absence of such superintendent," was "a person acting as superintendent with the authority or consent" of the employer. St. 1909, c. 514, § 127, cl. 2.

It was admitted that the plaintiff would have to obey the orders of the defendant's regular superintendent and those of the salesman in charge of the job. It is not contended that the regular superintendent was in any way involved in the alleged cause of action. The salesman, at the time of the injury, was in the office, forty or fifty feet from the place where the accident occurred. He had sent the plaintiff to Banville, to help in getting out some heavy timber. The work required only the two men, — Banville, who attached the derrick chain to the timber, and the plaintiff, who guided the beam until it reached the place where it should be lowered. The engineer was in the hoisting house, about three hundred feet away. Apparently this work was not such as re-

quired the responsibility or authority of a superintendent, and well might be left to a "stevedore," as Banville was designated by the defendant, and a man with two years' experience in the lumber yard, such as the plaintiff was. However that may be, on the evidence presented Banville was not a statutory superintendent whose sole or principal duty was that of superintendence. The work done in the yard was mainly that of grouping dimension lumber in piles when it came into the yard, and of getting it from the piles for delivery to customers or to the planing mill. Most of the work of Banville was that of getting out these timbers. While doing this work he handled the dogs, the derrick and falls the same as the other yard men, and like them he used a bar when necessary in prying out the large sticks, and manually helped to lift up the planks. So far as appears the work done by him did not differ from that done by the plaintiff. Both were accustomed to hook on the dogs. The signal to the engineer necessarily was given by whichever man happened to be on the top of the lumber pile. But when the plaintiff was on the ground and hooking the dogs on the timber that was to be raised, it was he who gave notice to the man on the pile to signal the engineer; and when timber was being lowered, Banville was not always the man who was on top of the pile and who gave the signals. At the most, the evidence shows that Banville was a working foreman, with some slight authority over one or more less experienced men. It falls short of proving that superintendence was his sole or his principal duty. *Mulligan* v. *McCaffery,* 182 Mass. 420. *Anderson* v. *Smith,* 209 Mass. 52.

Nor does the evidence bring him within the "acting as superintendent" provision of the statute. At the time of the accident he was not acting temporarily as the substitute of the absent superintendent or salesman, but was doing his own ordinary work in the usual way. *Carney* v. *A. B. Clark Co.* 207 Mass. 200. *Anderson* v. *Smith, ubi supra.*

In short, Banville was a fellow servant for whose negligence the defendant would not be responsible to the plaintiff. It is unnecessary then to consider whether the conduct of Banville at the time of the accident was in fact negligent, or whether that question is open under the terms of the report.

It is suggested in the plaintiff's brief that the salesman could

be found to be a statutory superintendent or acting superintendent. But it is apparent from the record that the only alleged superintendent involved in the question of the defendant's liability was Banville. In accordance with the report the entry is to be

*Judgment for the defendant.*