CHARLES E. MOSES, administrator, *vs.* SPRAGUE-NUGENT
COMPANY.

Suffolk.    October 7, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence*, Employer's liability, Open trap door.

A sign painter, who, before the workmen's compensation act took effect, was em-
ployed in a room that had a trap door in the floor, which was opened frequently
for the purpose of raising and lowering signs through it and had been used many
times for this purpose by the employee himself, assumed as a part of his con-
tract of employment the obvious risk of falling through the opening in the floor
when the trap door was raised, and if, while he was engaged in conversation
with a fellow employee, he stepped backward into the opening and was killed,
his employer was not liable for causing his death or his suffering.

The foreman of a master sign painter, who had full charge of raising and lowering
signs through a trap door in the floor of the shop, in doing which an employee
had been instructed to assist him, who sometimes did commercial work outside
the shop, in most cases taking one man with him, sometimes two and occasion-
ally three and exercising supervision over them as a journeyman does over a
helper, who sometimes, when an order was transferred to him by his employer,
would give orders to the men working under him and who received somewhat
more pay than the men working under him, cannot be found on these facts
alone to have been a superintendent whose principal duty was that of super-
intendence within the meaning of St. 1909, c. 514, § 127, cl. 2.

TORT by the administrator of the estate of Adolph L. Wurzburg,
late of Boston, who was employed by the defendant as a sign
painter, for causing the death of the plaintiff's intestate on August
12, 1911, and for conscious suffering from injuries resulting in his
death, with counts both under the employers' liability act and at
common law.   Writ dated October 6, 1911.

The defendant's answer, in addition to a general denial, alleged
that the injuries to the intestate were sustained from an obvious
danger of which he assumed the risk.

In the Superior Court the case was tried before *Stevens*, J.   At
the close of the evidence, which is described in the opinion, the
judge by agreement of the parties ordered a verdict for the de-
fendant, and reported the case for determination by this court,
with the stipulation that, if it should be held that there was evi-

dence sufficient to go to the jury, judgment should be entered for the plaintiff in the sum of $5,000, of which $2,000 was to go to the administrator and $3,000 to the widow of the intestate; otherwise, that judgment should be entered for the defendant.

*R. W. Frost,* (*J. J. Leonard* with him,) for the plaintiff.

*C. S. Knowles,* for the defendant.

RUGG, C. J.   The plaintiff's intestate was a sign painter, who had been long in the employ of the defendant.  A trap door was in the room where he worked, closed all the time, except when opened, as it was frequently, for the purpose of raising and lowering signs through it, and at these times it was not guarded.  He worked alone and the place of the trap door was light.  One Foley came into this room, passed the deceased on his way to the trap door, opened it for some use and then, while he was engaged in · conversation with the deceased about his work, the latter stepped backward and fell through the door, receiving mortal injuries.  The deceased knew of the door and had opened it or used it, when open, many times during his employment.

There is no evidence of negligence on the part of the defendant. The trap door was a part of its permanent structure.  Its existence and its method of use were well known to the deceased.  The employer was under no obligation to change either its construction or its use, and the employee assumed this obvious risk as a part of his employment.  *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412.

The employee knew that the trap door was liable to be opened at any time for its customary use.  There was no obligation resting on the defendant to give a warning each time it was opened under these circumstances.  *McCann* v. *Kennedy,* 167 Mass. 23. *Young* v. *Miller,* 167 Mass. 224.  *Carrigan* v. *Washburn & Moen Manuf. Co.* 170 Mass. 79.  If there was failure to give the notice commonly given of the danger, that was an act properly left, so far as concerned the defendant, to fellow servants of the deceased, for whose act the defendant would not be liable at common law. *Falardeau* v. *Hoar,* 192 Mass. 263.

The plaintiff contends that the injury arose because Foley was negligent in the performance of his duties as statutory superintendent.  The testimony as to Foley's work was that he was "the foreman of the sign makers;" that he "had full charge of

the raising and lowering of the signs through the trap;" that the deceased had been instructed to assist Foley "in raising and lowering the signs;" that sometimes Foley did commercial work outside the shop and would take one man with him in most cases, and sometimes two. On roof work he usually took two and, occasionally, three men. In these instances he would exercise supervision over them in the nature of the journeyman to the helper. Sometimes, though not always, the defendant transferred to Foley the order given to it and he would give the orders to the men who were working under him. He received more pay than the men working under him, though the amount does not appear. He had a right to call upon the plaintiff's intestate to assist in raising and lowering signs. Other evidence showed that Foley worked all the time himself at manual labor. But, even assuming that the jury would have disbelieved this, there was not enough to warrant a finding that Foley was a superintendent "whose sole or principal duty was that of superintendence" within the meaning of the employers' liability act. St. 1909, c. 514, § 127, cl. 2. Giving it the greatest weight, it goes no further than to show that he was an ordinary working foreman in charge of a very few men. He had no power to hire or discharge men, and he does not appear to have possessed any of the substantial authority which is a necessary incident of the position of superintendent, to which his chief energies were to be devoted. *Robertson* v. *Hersey,* 198 Mass. 528. *Collins* v. *Borden,* 217 Mass. 309. *Henahan* v. *Lyons,* 201 Mass. 269. *Stevens* v. *Strout,* 200 Mass. 432. *O'Brien* v. *Rideout,* 161 Mass. 170. *Mulligan* v. *McCaffery,* 182 Mass. 420.

There was no testimony warranting a finding that Foley was exercising superintendence in the absence of a regular superintendent. Hence, cases like *Carney* v. *A. B. Clark Co.* 207 Mass. 200, are not in point.

In accordance with the terms of the report, let the entry be

*Judgment for the defendant.*